George Andrews, J.,
delivered the opinion of the Court.
This was an action of assumpsit, brought by Douglass & Co., against Cross. The declaration made pro-ferí of the following agreement, which was set forth in hcee verba, to-wit:
*417 “$150.00 On or before tbe first day of March, 1859, I promise to pay R. R. Sullivant, the sum of one hundred and fifty dollars, for value received of him. This, February 16, 1858.
“J. S. MagNiss.”
“$575.00 On or before the 25th December next, we, or either of us, promise to pay to J. S. Magniss, or order, the sum of five hundred and seventy-five dollars, for a negro boy, named Peter. Jan. 11, 1858.
“O. Field,
“B. R. Small,
erW. H. Chambees.”
“The above are copies of notes received on this day, from A. H. Douglass & Co., to have them properly indorsed and returned to them without delay.
“David C. Cross.”
“Memphis, Jan. 10th, 1858.”
The declaration alleged that the defendant had wholly failed to have said notes properly indorsed, and had failed to return them to the plaintiffs, as he undertook to do; and that defendant, though often requested, yet wholly fails to return said notes, or to account with plaintiffs for them. By reason whereof, plaintiffs say they are damaged to the sum of one thousand dollars, for which they sue.
The defendant pleaded non assumpsit; set off; and a special plea of fraud on the part of the plaintiffs in the transaction out of which the above agreement arose. None of the pleas were sworn to.
The Code provides as follows:
“Sec. 2909. All pleas which deny the execution or assignment by the defendant, his, agent, attorney, or *418 partner, of any instrument in writing, tbe foundation of tbe suit, whether produced, or alleged to be lost or destroyed; and all pleas since the last continuance, shall be sworn to.”
“Sec. 3777. Every written contract, instrument, or signature, purporting to be executed by the party sought to be charged, his partnei', agent, or attorney in fact, and constituting the foundation of an action, is conclusive evidence against such party, unless the execution thereof is denied under oath.”
At the trial of the cause, the plaintiffs produced an affidavit of the loss and non-payment of the instrument, which is conceded to have been sufficient under our statute in regard to setting up and establishing lost instruments. But the .defendant objected to the reading of the affidavit, because the said instrument was not the foundation of the plaintiffs’ action, but only inducement to it, and could not be read until its execution was properly proven.
The Court below held that the instrument set forth in the delaration, was not, in this case, the foundation of the action; that it was not, therefore, an instrument, the execution of which the defendant was required to deny under oath; and that the instrument, or the affidavit of its loss, could only be introduced in evidence after due proof of its existence and execution. .
We are unable to perceive the distinction which was taken by the court below, upon the trial of this cause, as to this point, between the contract declared upon in this case, and a promissory note or other contract for the payment of money. The action of assumpsit, whether *419 it be brought upon a note, or a contract to perform a particular act, or to deliver certain chattels, is brought, in each case, to recover the damages sustained by the plaintiff by the breach of the contract. In an action upon the note, the damages ai*e apparent upon the face of the instrument, and the jury require no further evidence to enable them to fix the amount. In other eases, the damages may or may not be capable of being ascertained, without the introduction of evidence extraneous to the written agreement. But in both classes of cases, the recovery is only for the damages consequent upon the breach of contract; and the contract itself is the foundation of the action, while the breach of the contract is the cause of action.
So, if the action be debt, the cause of action is the non-payment by the defendant, of a debt due from him to the plaintiff, by which default the plaintiff has sustained damages. The foundation of the action is the note, bond, judgment, or other evidence of debt, introduced to make out the plaintiff’s case.
Jones vs. Walker, 5 Yerg., 428, is identical in principle with the present case; and we should not have thought the preceding discussion necessary, but for the contrary opinion expressed by the able Judge who presided on the trial in the court below.
The judgment must be reversed, and a new trial awarded.