## THE STATE v. GEO. PENNINGTON.

CRIMINAL LAW. *Indictment. Obscenity.* It is indictable to introduce obscene pictures into a school, and the indictment need not describe the picture particularly. It is sufficient to allege the introduction of an obscene picture, to the corruption of the public morals of the school.

### FROM SCOTT.

Appeal in error from the Circuit Court of Scott county. D. K. YOUNG, J.

ATTORNEY-GENERAL LEA for the State.

———— for defendant.

McFARLAND, J., delivered the opinion of the court.

Section 4847 of the Code is as follows: "If any person print, publish, import, sell or distribute any book, pamphlet, ballad or any printed paper containing obscene language or obscene prints, pictures or descriptions, manifestly tending to corrupt the public morals; or introduce the same into any family, school or place of education; or have the same in his possession for the purpose of loan, sale, exhibition or circulation, with intent to introduce the same into any family, school or place of education, he shall be guilty of a misdemeanor."

The indictment presents: "That George Pennington, on the 10th of July, 1879, in said county of Scott, at New Salem, a place of education, unlawfully, wilfully, obscenely and publicly introduced an obscene picture into a public school at said New Salem, manifestly tending to corrupt the morals of said school," etc. A motion to quash was made, because the indictment does not aver what obscene picture was introduced into said school, and because the indictment is vague and uncertain and does not sufficiently describe the offense. The motion was sustained and the State appealed.

We hold the indictment sufficient. Reverse the judgment and remand the cause.