7L 471
13L 158

## M. E. BLOOM v. CHARLES CATE et al.

CHANCERY PLEADING AND PRACTICE. *Administration. Sale of land to pay debts.* Although upon a bill filed to sell realty for the payment of the debts of an estate, a reference to ascertain, and a report of debts and assets may generally be proper, and may be essential where there has been no final settlement of the administration, or where the testimony is conflicting or the facts complicated, their omission would not be reversible error if the record shows that they would be a mere form, and a useless expense,—as where there is only one debt, and a final settlement of the administration has been had in the county court, which is shown to be correct and is unimpeached, and the chancellor finds that the debt is valid, and that the personal assets have been exhausted in due course of administration.

### FROM M'MINN.

Appeal from the Chancery Court at Athens. W. M. BRADFORD, Ch.

BURKETT & CAMPBELL for complainant.

W. L. HARBISON for defendants.

COOPER, J., delivered the opinion of the court.

Bill filed by a creditor of the estate of W. H. Cooper, deceased, after the recovery of judgment against the administrators of the estate and a finding in their favor of the plea of *plene administravit*, to sell lands for the payment of the debt, upon an averment that the personal assets were exhausted. The infant heirs of the deceased filed a formal answer by their regular

guardian, and the bill was taken for confessed against the administrators. The chancellor found, as a fact, that the complainant was a creditor of the estate as claimed, and that the personal assets of the estate had been exhausted in due course of administration, and, without first taking an administration account, ordered a sale of the land in satisfaction of the debt. The infant heirs appealed.

There can be no doubt of the right of the heir to contest the validity of the creditor's demand when sought to be enforced against the realty, notwithstanding the recovery of judgment against the personal representative: *Peck* v. *Wheaton,* M. & Y., 353; *Neal* v. *McCombs,* 2 Yer., 10; *Woodfin* v. *Anderson,* 2 Tenn. Ch., 339. There is proof in the record that the note, which is the foundation of the complainant's demand, was not signed by the intestate, W. H. Cooper, but by the principal debtor claiming to act under the authority of Cooper, and something is said about the insufficiency of the proof to establish the liability. But the plea or defense of *non est factum* has not been put in under oath as required by statute, and the note, which is the foundation of the action, must be taken as conclusive evidence of what it purports to be: Code, sec. 3777.

The only point seriously relied on for reversal is that the chancellor made a final decree without first referring it to the master to take and state an account of the administration of the decedent's estate, and to ascertain and report the insufficiency of the personal assets for the payment of debts. Many of

our cases do say that a report by the clerk to that
effect, and a confirmation thereof, is necessary to sus-
tain a sale of land to pay debts.   The act of 1837,
as well as the act of 1852, brought into the Code
sec. 2362 *et seq.*, expressly provided for the sale of
realty "where the personal estate is ascertained by the
report of the clerk and master, and the confirmation
thereof by the court, to be insufficient for the pay-
ment of the debts of the estate": *Frazier* v. *Pankey*,
1 Swan, 75, 79.   This is also the language of the
Code, sec. 2388, in an article which treats of the ad-
ministration of insolvent estates in the chancery court.
An account of debts and assets is equally necessary
in the administration of insolvent estates in the county
court, but it is not required in the same language:
Code, sec. 2337.   The act of 1827, brought into the
Code sec. 2267 *et seq.*, provided that, upon making
the decree for the sale of land in such proceedings,
it should be made to appear to the satisfaction of
the court that the personal estate has been exhausted
in the payment of *bona fide* debts, and that the debts
or demands for which the sale is sought, are justly
due and owing.   Ordinarily, these facts can best be
shown by a master's report, and such a report has
been sometimes considered to be essential: *Wade* v.
*Fisher*, 10 Heis., 490.   But in the case of a bill in
chancery by administrators to sell realty, where there
was a reference to the master, he took as the basis
of his report the final settlement of the administrators
in the county court, and this was held to be suffi-
cient, although the report of the master in that view

was in the particular case a mere form: *Curd* v. *Bonner*, 4 Cold., 632.

In the case before us, the complainant's debt was the only one brought before the court. It had been reduced to judgment against the personal representatives, and, as we have seen, was not contested by the heirs. A reference to ascertain and report upon it would have been an idle form and a useless expense. The administrators had made a "final settlement" of their administration in the county court, as shown by the settlement itself, from which it appeared that the personal assets had been exhausted in due course of administration. A certified copy of this settlement was filed in this cause, and its correctness was testified to by both of the two administrators, without any contest on the point by the heirs. Each administrator, moreover, deposed that the personal assets had been exhausted in due course of administration, leaving the complainant's demand unpaid. No evidence whatever was introduced by the defendants calling in question the correctness of these statements, or of the administration account. Here again, a reference would have been a useless form and an unnecessary expense, and was not asked for by the defendants. Although, therefore, a reference and report may be considered proper in most cases, and essential where there has been no final settlement of the administration, or where the testimony is conflicting, or the circumstances complicated, this court cannot consider their omission as a reversible error where they would be a mere form and a useless expence. The error, conceding the omis-

sion to be error, would not affect the merits of the decree. We are expressly forbidden to reverse for such an error: Code, sec. 4516.

The chancellor's decree will be affirmed, and the appellants will pay the costs of this court. The costs below will be paid as directed by the chancellor.