RHINEHART, BALLARD & CO. *v.* I. C. MURRAY *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Sale of land to pay debts of decedent. Surplus.* Where land is sold to pay debts of decedent upon exhaustion of personalty, and a surplus is realized, it may be impounded and applied to the payment of a judgment against deceased in favor of a creditor who was not a party to the proceedings for the sale of the land.

FROM HAMBLEN.

Appeal from the Chancery Court at Morristown. H. C. SMITH, Ch.

Rhinehart, Ballard & Co. *v.* Murray.

J. C. HODGES for complainants.

J. P. EVANS and LUCKEY & YOE for defendants.

DEADERICK, C. J., delivered the opinion of the court.

This bill was filed to impound a fund in the chancery court at Rutledge, the proceeds of a sale of land. The land had descended to the heirs of one J. P. Kirkham, and they and his administrators were made defendants to a bill of one Noe, who had obtained judgment against Kirkham in his lifetime, and issued execution thereon, which was returned *nulla bona.*

The chancellor ordered an account, which showed the exhaustion of the personal estate, and a debt due complainant of several hundred dollars. Thereupon a sale of the land was ordered, which brought more than the amount of the debt. This bill is filed to have the surplus remaining applied to the satisfaction of complainant's judgment against the administrators of said Kirkham, deceased, and W. H. and T. H. Taylor.

The bill makes the defendants in the judgment, the said Taylors, and said Kirkham's heirs at law, defendants. The heirs resist the relief sought on several grounds. They impeach the validity of the judgment, and maintain that, even if they had a valid judgment, the complainants' could not maintain their bill, because they might and should have prosecuted their claim under the bill of Noe, which was a proceeding to sell the land by a creditor under the act of 1827: Old Code, sec. 2267.

The complainants in this case brought suit in the circuit court at Rutledge, against W. H. and T. H.

Taylor and the said J. P. Kirkham, deceased, shortly before the death of Kirkham.

The sheriff returned the summons executed as to all the defendants. A. declaration was filed, and before pleading thereto, Kirkham died. Thereupon a *scire facias* was issued to revive the suit against Murray and Taylor, his administrators. This was executed, and although no formal order of revivor appears in the record, it does appear that they demurred to the declaration, and the demurrer being overruled, put in pleas of *nil debit* and payment, and that they appeared thenceforward in a number of orders by the court, as named defendants in said cause, and judgment was rendered on confession.

It is insisted by the heirs at law, that the notes on which judgment was rendered were forgeries; that their ancestor was not summoned, as returned by the sheriff, and that they may make all the defenses as heirs, as this proceeding is, in legal effect, to reach lands descended to them.

Taylor, one of the defendants in the suit at law, had filed his bill against complainants, the plaintiffs in said suit, enjoining the further prosecution thereof, and prayed a perpetual injunction on the ground of fraud. The injunction was granted upon condition that the complainant would submit to judgment at law upon the notes sued on.

They all confessed judgment in open court, having in pleas of *nil debit* and payment at the time, and the injunction was finally dissolved and the bill dismissed.

The return of the officer cannot be collaterally im-

peached, nor can the defendants in this proceeding have the benefit of a plea of *non est factum*, especially as they had ample opportunity to plead it in the suit at law, and the answer which sets it up is not sworn to. Even if the *fiat* did not require a confession of judgment by all the defendants, the court had jurisdiction to take it and render such judgment, and the record shows all confessed, and is conclusive of that fact.

This is not a proceeding to sell land, but to take and apply to complainant's judgment a fund in the chancery court already adjudged, in a regular proceeding in that court, liable to pay decedent's debts.

The complainant in this bill sought to have it heard with the bill of Noe, and the last named cause was made evidence in this case. It fully appears in the Noe case, that the land was liable for decedent's debts, because of the exhaustion of the personalty, and it had already been sold for this purpose, when this bill was filed, and the land was thus passed to another owner, and the funds arising from its sale were personalty, expressly so made by the sale for payment of debts.

The chancellor held that the complainants were entitled to the fund, and the Referees approve the decree, and we concur with them, and confirm the report and affirm the decree.