HOLLAND *et al. vs.* CARTER, and *vice versa.*

Where, pending an action of ejectment, the plaintiffs filed an affidavit, alleging that two of the deeds under which the defendant claimed were, to the best of their knowledge and belief, forgeries, this put the burden of proof as to the genuineness of the deeds attacked on the party asserting it, and the fact that a deed so attacked is recorded does not change the *onus;* and where this issue was tried, together with others, by consent, the burden of proving the genuineness of the deed still remained with such party as if that issue had been tried alone.

(*a*) On the trial of such an issue, there was no error in rejecting testimony of the clerk of the superior court to the effect that the deed, a copy of which was offered in evidence, the original having been lost, had the appearance on its face of being genuine, inasmuch as there appeared to be on it no erasures or interlineations; nor was there error in rejecting similar testimony of the defendant, it appearing that the witnesses did not know, except from its appearance, whether the deed was genuine or not and had no acquaintance with the handwriting of the maker or of the witnesses.

(*b*) Besides, in this case, the parties who purported to have attested the original deed were in life, and upon inquiry stated that they had no recollection of having attested such an instrument, and were unwilling to swear to the genuineness of the attestation or of its execution unless they could see and inspect the original paper.

April 12, 1887.

Deeds. Forgery. Evidence. Burden of Proof. Before Judge Branham. Paulding Superior Court. July Adjourned Term, 1886.

Reported in the decision.

W. P. McClatchy; Ivy F. Thompson; Broyles & Johnston, for plaintiffs.

J. W. H. Underwood, by brief, for defendant.

Hall, Justice.

This was an action of ejectment for the recovery of certain land situated in the second district and third section of originally Cherokee, now Paulding, county. The declaration contained two demises, one from Green B. Holland and the other from Sarah J. Combs, Martha A. Robinson and Mrs. Mary M. Davis. James E. Carter was the tenant in possession, and admitted lease, entry and ouster, and defended by filing the general issue. Previous to the trial, the plaintiff's lessors, viz. Sarah J. Combs, Martha Robinson and Mrs. Mary M. Davis, filed an affidavit, alleging that two deeds, one purporting to be from Green B. Holland to Wm. B. Clymore, and one from Clymore to the tenant in possession, were, to the best of their knowledge and belief, forgeries. Issue was taken upon this affidavit, and the issue thus formed, together with others, was, by consent of counsel, submitted to the jury at the same time. The affidavit as to the spuriousness of these deeds, cast upon the defendant the *onus* of proving their genuineness, and unless this was done, he could not succeed in making his defence, he deriving title from the same party under whom the above named lessors of the plaintiff claimed, to-wit, Green B. Holland. To overcome this affidavit, and to change the burden, he offered the testimony of the clerk of the superior court to prove that the deed, a copy of which he offered in evidence, the original having been

lost, had the appearance on its face of being genuine, in-asmuch as there appeared to be on it no erasures or inter-lineations. Upon objection, this and other testimony of a similar character was rejected by the court, and its rejec-tion is the material error complained of. The plaintiff had a verdict, and a new trial was moved for on various grounds, including the above. It is necessary to consider only this ground of the motion in order to dispose of the case finally.

In *Hanks vs. Phillips,* 39 *Ga.* 550, it was held that, on an issue formed to try the genuineness of a recorded deed proposed to be read in evidence, to repel which the oppo-site party had made the affidavit required by §2712 of the present code (§2674 of the original code), the burden of proof is on the party asserting the genuineness of the deed; and the fact that it is recorded does not change the *onus.*

In *Mills vs. May,* 42 *Id.* 623, it was said that the execu-tion of a deed to which an affidavit had been filed under the above section of the code, could not be proved by the acknowledgments of the supposed maker of the same that the land described was the property of the supposed grantee.

So, in *Hill vs. Nisbet, trustee,* 58 *Ga.* 587, 589, it was distinctly ruled that the burden of proof was upon the party who offered the deed in evidence to show its gen-uine character; and where such a deed carried on its face a material alteration, and no proof of its actual execution was adduced, the alteration, whether more than thirty years old itself or not, must be satisfactorily explained be-fore the deed could pass title as a genuine paper because of its age. A deed must be right on its face, or made so by proof, before its age alone will dispense with proof of its execution, especially if the vendee's name be altered. It was further ruled, that §2712 of the code in respect to the mode of attacking registered deeds on the ground of for-gery, applied to any registered deed bearing marks of alter-ation on its face, though more than thirty years old; that

an affidavit under this section was good, if it charged the forgery to the best of affiant's knowledge and belief, though the affidavit afterwards explained that the forgery consisted in an alteration or erasure of the name of the true vendee, and the insertion of that of another, without the consent of the vendor, or of the vendee whose name was erased; that while such an issue should be separately tried, yet, if by consent of parties, it be tried together with the main case, the burden of proof in respect to the forgery would be on the same party as if the special issue were tried by itself.

The absence of the original deed, and the resort to a copy, upon such an issue, is of itself suspicious. The evidence offered and rejected was that of one of the witnesses, the clerk, who had no connection with the deed further than to record the paper presented; and of the defendant, who seems to have had little more personal knowledge of the matter than the clerk; he did not know, except from its appearance, whether it was genuine or not, and had no acquaintance with the handwriting of the maker or of the witnesses; besides, in this case, the parties who purported to have attested the original deed were in life, and upon inquiry stated they had no recollection of having attested such an instrument, and were unwilling to swear to the genuineness of the attestation, or of its execution, unless they could see and inspect the original paper. *Patterson vs. Collier et al., ex'rs,* 75 *Ga.* 419; *Bryan vs. Walton,* 14 *Ga.* 185; *Jones et ux. vs. Morgan,* 13 *Ga.* 515; and other cases cited in *Patterson vs. Collier.*

This leads necessarily to the affirmance of the judgment excepted to by the main bill of exceptions, and dispenses with the consideration of the cross-bill, which is dismissed.

Judgment affirmed.