MATTHEWS *v.* EDWIN BATES & COMPANY.

1. The action being upon a promissory note, which was the only evidence introduced for the plaintiff, and there being no plea of *non est factum*, there was no error in refusing to allow counsel for defendant to introduce evidence tending to show the note was in fact signed by another person having the same name as the defendant.
2. As to the other questions made by the motion for a new trial, this case is controlled by *Matthews* v. *Bates, Kingsbery & Co.*, just decided.　　　　　　　　　　　　　　　　*Judgment affirmed.*

January 27, 1894.

This suit was on a note like that involved in the preceding case, and was tried in the same court and on the same day. The defendant pleaded not indebted. It is assigned as error, that the court refused to allow him to prove by two witnesses that there was a J. H. Matthews who did live in Athens, Clarke county, and that defendant lived in Madison county the note sued on stating the residence of the maker, J. H. Matthews, as Athens, Ga., and the declaration alleging that J. H. Matthews of Madison county was indebted, etc. The other points made by the motion for new trial are the same as in the preceding case.

---

THE GEORGIA RAILROAD & BANKING COMPANY *v.* BURKE.

The failure of the employees of a railroad company to check the speed of a train and to blow the whistle in approaching a crossing will not render the company liable for damages in consequence of the killing of a colt, when the colt was not on the railroad track at the time of such failure but subsequently attempted to cross the track at a point three hundred yards below the crossing and in so doing ran against the engine and was thus killed by its own act.　　　　　　　　　　　　　　　　*Judgment reversed.*

January 27, 1894.

Action for damages. Before Judge RONEY. Taliaferro superior court. February term, 1893.