## ANDERSON, administrator, et al. v. CUTHBERT.

1. Though a paper, upon testimony tending to prove its execution, has been admitted in evidence, the same, however, not being the foundation of the action, it is nevertheless the right of the opposite party to attack the genuineness of such paper and introduce evidence tending to show that the signature attached thereto is not that of the person by whom it is alleged such paper was executed, but that the same is a forgery.
2. In submitting to the jury a question thus presented as to the fact of execution, a charge in the following words is misleading and erroneous : "Of course it is needless for me to tell you that the law does not presume a

forgery. The presumption is, when a paper is proven, it speaks the truth, the presumption of law is against the forgery, and the burden is upon the one who asserts a thing is a forgery to prove it."

Argued January 31, — Decided March 25, 1898.

Equitable petition. Before Judge Felton. Bibb superior court. November term, 1896.

On January 9, 1894, Cuthbert brought his petition against Strong and the Merchants & Mechanics Building & Loan Association, alleging, that in January, 1891, he contracted verbally with Strong to purchase a certain house and lot in the city of Macon, for which he agreed to pay $400 in instalments, and with the consent of Strong went into possession of the property and began payment for it, claiming it as his own, and by August 20, 1892, had fully paid for it. The lot was a part of lot number 13 in a designated block, lot 13 having a front on Green street of 46 feet and extending back, the same width, 110 feet, and the portion sold to plaintiff fronting on Green street 46 feet and extending back, the same width, 60 feet. At the time of the bargain and until the full payment of the purchase-money, Strong represented to plaintiff that the title in fee to the whole of lot number 13 was in him (Strong), and that there was no encumbrance thereon. After the payment of the purchase-money, plaintiff discovered that the Merchants & Mechanics Building & Loan Association held a deed to the whole of lot 13 as security for a loan to Strong, on which loan there was due $161.15. Plaintiff thereupon went with Strong to the association, and after fully stating to the association his position, bargain and rights, it was verbally agreed by and between the association, Strong, and himself, that he (plaintiff) was to pay the association $161.15, and the association was then to convey in fee to him, free from encumbrance, the lot occupied by plaintiff fronting on Green street, and Strong was to secure him out of the remaining portion of lot 13 for the $161.15 thus paid. Plaintiff, relying on the promise of the association, paid this amount to it, and also paid $6.05, taxes for the year 1893 on the rear part of the lot. The association, however, after having accepted the $161.15 from the

plaintiff, conveyed to Strong by quitclaim deed, on December 20, 1893, without plaintiff's knowledge or consent, the whole of lot 13, and on December 26, 1893, took from Strong, as security for a pretended loan of $500, a deed to the portion of the lot bought and paid for by plaintiff.    Plaintiff had no information or notice of these conveyances until subsequently, when, upon urging the association to make a deed to him as agreed, it declined to do so, saying that it had bought a part of the lot from Strong.    The association claims a lien on that part of the lot which was bought and paid for by plaintiff.    Strong has returned to plaintiff $80 on account of the $161.15, thus leaving due on that account $81.15, and $6.05 taxes, for which sums plaintiff claims an equitable lien on the rear part of lot 13, retained by Strong.    Waiving discovery, plaintiff prayed that the deeds of December 20 and 26, 1893, from Strong to the association, be canceled; that the association be required to execute to the plaintiff a good and sufficient title in fee to the front portion of lot 13, as described; for judgment against Strong for $87.20 and interest, the judgment to be a first lien against the rear part of lot 13, etc.    Strong having died pending the suit, his administrator, Anderson, was substituted as a party defendant; and by amendment the plaintiff claimed the further sum of $3 alleged to have been paid as advertising fee for citation for letters of administration on the estate of Strong. By further amendment, plaintiff alleged that the lot bought by him fronted 45 feet on Green street and extended back, the same width, 61 feet; and struck the word "verbal" in the first allegation touching the contract.

The defendants filed answers, denying the substantial allegations of the petition; and alleging that the lot bought from Strong by plaintiff was the rear lot and not the front lot, as alleged by plaintiff.    The association denied that plaintiff ever gave it notice of any equity which he may have had in the premises, and alleged that if he helped Strong to pay his note the association knew nothing about it; also, that plaintiff came with Strong at the time the last loan was made and helped him to apply for it, and was therefore estopped from setting up his equity in the land in question as against the association.    On

the trial the jury, in response to questions submitted, found that plaintiff bought of Strong the lot fronting on Green street for $400, and fully paid for it; that plaintiff, after paying for that lot, advanced $161.15 to pay off the prior encumbrance on the front and back lot, and Strong repaid plaintiff $80, leaving a balance of $81.15 due plaintiff; that at the time the mortgage or deed of December 26, 1893, was made by Strong to the association to secure the second loan, the association had notice of plaintiff's equities; and that plaintiff is entitled to have the mortgage or deed of Strong to the association delivered up and canceled, and to have the lot fronting on Green street conveyed in fee to him by Anderson, administrator of Strong, and to have judgment against Anderson as administrator for $81.15, with interest thereon from December 9, 1893, and for $3 paid for administration on Strong's estate; the judgment against Anderson as administrator to be an equitable lien on the back lot. The defendants moved for a new trial, on grounds shown in the opinion. The court overruled the motion, and defendants excepted.

*Ryals & Stone,* for plaintiffs in error.
*H. F. Strohecker,* contra.

LITTLE, J. 1. In support of his cause of action, the plaintiff without objection on the part of the defendants, and after introducing testimony tending to prove its execution, introduced in evidence a paper purporting to have been signed by Strong, the intestate of one of the defendants to this action, containing an acknowledgment, as contended by plaintiff, that he had bought the particular lot in controversy. The defendants attacked this paper, denied that the signature affixed thereto was the genuine signature of Strong, but alleged that the same was a forgery. Notwithstanding this paper had been admitted in evidence on testimony tending to prove its execution, the defendants had the right to attack the genuineness thereof and introduce in rebuttal evidence tending to show that the signature attached to the paper was not that of the person by whom it was alleged it was executed, but that the same was a forgery. The plaintiff based his right to recover upon an alleged verbal

contract with the defendants, whereby he had purchased and paid for a specified lot. The defendants contended that the lot purchased by the plaintiff was not in fact the lot for which his action was brought, but was another and different lot. As tending to prove and identify the lot actually purchased by plaintiff as being the one for which he was contending, the plaintiff introduced in evidence the paper above referred to. While a failure on the part of the defendants to object to the introduction of the paper in evidence, would amount to a waiver of the necessity of proof of its execution, for the purpose of its admission in evidence (*Bowen* v. *Frick & Co.*, 75 *Ga.* 786), their failure so to object did not cut them off from attacking the genuineness of the paper after it had been admitted in evidence. This principle has been recognized and applied by this court in cases in which attacks were made upon the genuineness of deeds. By section 3628 of the Civil Code it is provided that "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed."

In the case of *Hollis* v. *Stevens*, 36 *Ga.* 463, a registered deed was put in evidence and read to the jury, and, in the absence of any affidavit of forgery, the opposite party introduced evidence attacking the genuineness of the deed; and upon the exception that the court erred in admitting this testimony, because no affidavit of forgery had been filed, this court ruled that the provisions of the code section above quoted afforded a cumulative remedy, and that a party alleging a deed to be a forgery is not obliged to make the affidavit; that after the deed had been admitted in evidence, he might introduce any competent evidence to impeach it; that if he could successfully attack the deed without making the affidavit, it was his right to do so. In the case of *Sibley* v. *Haslam*, 75 *Ga.* 490, after citing the case above referred to, it was held that even after the deed, whether ancient or modern, had been read to the

jury by reason of its registry, it might be attacked for forgery by any competent evidence.    So too in the case of *Jaques* v. *Stewart*, 81 *Ga.* 81, the court held: "Whenever a plaintiff seeks to show title in himself by deed or other writing, the defendant has a right to attack the instrument and show that it is not a title, and that it is void for usury or other cause, and he can do this without filing a plea to that effect.    Especially is this true, where the instrument relied on is not set out or mentioned in the declaration, and the defendant could not know or anticipate by what means plaintiff expected to prove his title." An exception to the general principle here announced is made by the code with respect to a paper or instrument in writing which is sued upon, or which is the foundation of the action. This exception is contained in section 3701 of the Civil Code, which reads as follows: "A party may deny the original execution of the contract sought to be enforced, or its existence in the shape then subsisting.    In either event, if the contract be in writing and so declared upon, the denial must be on oath and filed at the first term after the service is perfected."    And in section 5066 it is provided that "No person shall in his plea or answer be permitted to deny any deed, bill, single or penal bond, note, draft, receipt, order, or other instrument in writing, which is the foundation of the action, unless he shall make affidavit of the truth of such plea or answer at the time of filing the same."    The paper in question not falling within this exception, the evidence submitted by the defendants tending to impeach the same was competent, and the court committed no error in allowing it to be considered by the jury.

2. It is contended by the plaintiffs in error, that the court erred in charging the jury, upon the issue raised as to the genuineness of the paper introduced, as follows:    "In support of the plaintiff's claim that it was the front lot he bought, the plaintiff claims to have introduced the paper signed by Strong acknowledging that it was the front lot he bought.    The defendant denies that, and says that it is not Strong's signature, but a forgery.    The jury will pass upon the question, under the evidence, taking in that connection the testimony of the witnesses, as well as all the specimens of handwriting which

will be out before you, which you may examine for the purpose of determining whether or not the paper they submit was the true paper signed by Strong, or a forgery.  If you conclude it to be a forgery, you will disregard it entirely, as having no weight with reference to the facts it proved.  If it is not a forgery, of course it is entitled to credit.  Whether it is a forgery or not, and whether it is a genuine paper or not, is an issue you will pass upon as any other issue.  Of course it is needless for me to tell you that the law does not presume a forgery.  The presumption is that when a paper is proven, it speaks the truth; the presumption of law is against the forgery, and the burden is upon one who asserts a thing is a forgery to prove it."

As a general rule, all private writings produced in evidence must be proved to be genuine.  1 Gr. Ev. § 557.  Section 5239 of the Civil Code provides that: "Generally, the original writing must be produced and its execution proved."  Even in the case of a registered deed, where an affidavit of forgery is filed, the party offering the deed is not then assisted by the registration thereof, but the burden of proving the same genuine rests upon him.  *De Vaughn* v. *McLeroy*, 82 *Ga.* 687, citing *Hanks* v. *Phillips*, 39 Ga. 550; *Mills* v. *May*, 42 *Ga.* 687; *Hill* v. *Nisbet*, 58 *Ga.* 586; *Holland* v. *Carter*, 79 *Ga.* 139.  It is manifest from these authorities, that the law raises no presumption in favor of the genuineness of a written instrument, but simply leaves the question as a matter of fact to be ultimately found by the jury upon proofs to be adduced by the parties to the cause in which the instrument is offered in evidence.  The law presumes nothing whatever until the signature to the instrument is proven genuine.  This being done, the law then presumes that the instrument in all its parts is genuine also, when there are no indications to be found upon it to rebut such a presumption.  Pullen *v.* Hutchinson, 12 Shepl. (Me.) 254; Lefferts *v.* State, 49 N. J. L. 27.  If, therefore, the party offering the paper in evidence had introduced sufficient evidence tending to prove its genuineness to cast the burden upon the opposite party, or if by reason of the nature of the latter's defense the burden of showing the falsity of the paper rested upon him, in either event this burden would be

carried without any presumption in favor of the genuineness of the paper. Hence the charge of the court, in so far as the jury were instructed that the presumption of law was against the forgery, was erroneous; and inasmuch as the paper in question was very material to the issues made in the case, a new trial should be had, in order that the issue made on the paper may be passed upon by the jury in the light of the law as above laid down.

*Judgment reversed. All concurring, except Cobb, J., absent.*