## WEBB *v.* TILL.

1. The law does not require objections to an application for the writ of partition under the Civil Code, § 4786, or to the return of partitioners, to be verified by oath.

2. The fact that the petitioner for the writ attaches as an exhibit to the petition a copy of the deed under which he claims title to an undivided interest in the land sought to be partitioned does not make such deed the foundation of an action within the meaning of the Civil Code, § 5066, so as to require a denial of the deed under oath, or to require the filing of a sworn plea of non est factum under § 3701.

3. It was error to dismiss the objections to the return of commissioners in such a proceeding on the ground that the petition had attached thereto a copy of a deed under which the petitioner claimed an interest in the land, and that the objections denied the deed, without being verified by oath.

4. Under the Civil Code, § 3628, a registered deed will be admitted in evidence without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause will file an affidavit that it is a forgery, to the best of his knowledge and belief. If this is done, the court will arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed.

5. The right to make and have determined a special issue as to the forgery of a deed, before its admission in evidence, does not destroy the right to attack it by an allegation in objections to the return of partitioners, and the production of testimony in regard to it, after its introduction in evidence.

APRIL 21, 1910.

Partition. Before Judge Park. Turner superior court. March 10, 1909.

*John J. Story* and *Perry & Tipton,* for plaintiff in error.

*Claude Payton* and *J. A. Comer,* contra.

LUMPKIN, J. A petition for partition was filed. Attached to it was a copy of an alleged deed under which the petitioner claimed that she acquired an undivided interest in the land. The petition

was not required by law to be verified, nor was it so.    The writ of partition was issued, and the partitioners made a return.    The person alleged to be a tenant in common with the applicant filed objections to the petition and return, including what was termed an answer to the petition.    On the trial a motion was made to dismiss the objections and also the "answer," on the ground that they did not deny under oath the deed, a copy of which was attached to the petition.    These motions were sustained.    The objector sought to amend by verifying her objections and answer.    This was refused, as being too late.    She then offered to amend her objections by adding thereto an affidavit of forgery as to the deed of which a copy was attached to the petition.    This was refused, and judgment was entered for the petitioner, confirming the return of the commissioners.    The objector excepted.

The law on the subject of partitioning, embodied in the code, does not require the petition for the appointment of partitioners, or objections thereto or to the return of the commissioners, to be under oath.    Civil Code, § 4791.    A petition for partition under the statute is not a suit on a contract.    It is a proceeding to have land divided, in which the petitioner claims to own an undivided interest.    Section 3701 of the Civil Code, which provides that if a contract be in writing and so declared upon, a plea of non est factum must be on oath and filed at the first term after service is perfected, has no relevancy to a petition for partition.    Reliance was had on § 5066 of the Civil Code, which provides that no person shall, in his plea or answer, be permitted to deny any deed, bill, single or penal bond, note, draft, receipt, order, or other instrument in writing, which is the foundation of the action, unless he shall make affidavit of the truth of such plea or answer at the time of filing the same.    If suit were brought for a breach of a covenant in a deed, the deed would be the foundation of the action, and that section would apply.    But a proceeding to partition or divide land between tenants in common is not a suit founded on any of the covenants of a deed; and although a petitioner for partition of a tract of land may attach to his petition a copy of a deed under which he alleges that he claims, this does not make the deed "the foundation of the action," within the meaning of the provision of the code above cited.    Ownership of an undivided interest in land, and a desire to have it set apart in severalty, furnish the

foundation for a proceeding to partition. A deed may have evidential value to show title to the undivided interest. But the deed is not the foundation of the action. So, in ejectment, or in complaint for land with an abstract of title attached, every deed on which the plaintiff relies as a part of his chain of title can not be called the "foundation of the action," so that each of them must be denied by the defendant under oath, or else the defendant's plea or answer will be stricken, and the plaintiff allowed to recover, though his own petition may be unverified.

It was error to strike the objections filed in the partitioning proceeding on the ground that they did not deny on oath the deed of which an alleged copy was attached to the petition for the appointment of partitioners. This is true although the objector alleged that the property sought to be partitioned was owned by herself and her minor children, that the petitioner was not a tenant in common with them, and had no title to any part of the property, and that no such deed as that described in the exhibit to the petition had ever been executed by the alleged maker thereof or any one authorized by him. As the objections were not required to be under oath, it is unnecessary to consider the proposition to verify them, and the rejection of the proposed amendment.

The Civil Code, § 3628, declares that a registered deed shall be admitted in evidence without further proof, unless an affidavit of forgery is filed. In that event, the court will arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed. This provides a method for trying the genuineness of a deed before it is admitted in evidence. If it is found not to be genuine, it will be excluded. The proceeding is purely statutory, and not exclusive of the right to attack a deed, although it may be admitted in evidence. Properly speaking, an affidavit of forgery was not a part of the objections to the partitioning, and should not have been offered as an amendment thereto. If the objector desired to attack the deed under the allegations of her objections, this would not exclude it from evidence as a registered deed. If she desired to prevent its introduction in evidence, she had a right to file the affidavit provided by the code, and have an issue made and tried on the subject of its genuineness.

*Judgment reversed. All the Justices concur.*