3798.   CITIZENS BANK OF VALDOSTA *v.* PEEPLES.

1. Where, in a trover case, the plaintiff offers, as evidence of his title, a purchase-money note containing a retention of title to the property sued for, the defendant may, without having filed a plea of non est factum, introduce evidence to show that the note relied upon by the plaintiff as evidence of his title is a forgery.
2. Under the facts of the present case it was prejudicial error against the plaintiff to charge the jury that before the plaintiff could recover, it must have appeared, from the evidence, that the defendant was in possession of the property sued for at the time of the filing of the suit.

DECIDED MARCH 6, 1912.

Trover; from city court of Nashville—Judge Buie.   October 7, 1911.

On July 15, 1908, an action of trover was brought by the Citizens Bank of Valdosta against J. P. Peeples.   The defendant replevied

the property. The plaintiff claimed the property under a note containing a retention of title, alleged to have been given by the defendant to one Griffith for the purchase-price of one black, cross-eyed mare mule and one black horse, being the same property which was described in the petition. The note was dated October 30, 1907, was to become due on April 1, 1908, was transferred to the bank by Griffith on December 19, 1907, and was recorded by the bank on April 12, 1909. In paragraph 1 of the defendant's answer he denied that he was in possession of the property described in the petition, or that the plaintiff had title thereto. The same paragraph of the answer, however, contains this allegation: "Further answering said paragraph defendant alleges that he is in possession of one mouse-colored, cross-eyed mare mule, about six years old, but that he purchased same from one W. A. Griffith, and has fully paid him for same." In the second paragraph of the defendant's answer, referring to the property described in the petition, it is alleged that "he has not the said described property in his possession, and, therefore, could not deliver same." At the trial the plaintiff introduced the note in evidence, and proved the transfer on the date above mentioned, and offered evidence to show that the property described in the petition was of the value therein alleged. There was also evidence in behalf of the plaintiff that both the mule and the horse were sold by Griffith to the defendant; that the defendant took possession of the property at the time of the sale; that he executed the note containing a retention of title, and that he never paid the purchase-price. There was evidence for the defendant that he could neither read nor write, and that he did not in fact execute the note, it having been signed by his mark; that he had paid Griffith in full for the mule, and that he had returned the horse to Griffith prior to the bringing of the suit; that Griffith had accepted the horse and had disposed of it. The defendant testified, in his own behalf, that he had traded the mule described in the petition, but it does not appear, from his testimony, whether this was done before or after the filing of the suit. The jury returned a verdict in favor of the defendant, and the plaintiff's motion for new trial was overruled.

  *Alexander & Gary, W. A. Dodson,* for plaintiff in error.
  *J. Z. Jackson,* contra.

POTTLE, J. (After stating the foregoing facts.)

1. In the motion for new trial error is assigned upon the admission of testimony for the defendant tending to show that he had not executed the note which had been transferred by Griffith to the bank, and also upon an instruction to the jury that if they believed that the defendant had not executed the note, the plaintiff would not be entitled to recover. It is contended that inasmuch as the defendant did not file a plea of non est factum, he should not have been permitted to introduce evidence that the note was a forgery. We do not think this contention is well founded. The note was not the foundation of the plaintiff's action, within the meaning of the Civil Code (1910), § 5650. It was simply evidence of the plaintiff's title, and could be attacked by the defendant as a forgery, in the same way that a defendant in an ejectment case can show that a deed offered as evidence of the plaintiff's title was a forgery. The note was admissible in evidence, and the burden was on the defendant to show that he had not in fact executed it, but he had a right to attempt to carry this burden without having filed a plea of non est factum. *Anderson* v. *Cuthbert,* 103 Ga. 767 (30 S. E. 244).

2. The trial judge charged the jury as follows. "The first question is, did the defendant sign the note, or authorize it to be signed for him; then you say further if he was in possession of the property at the time of the filing of the suit. If you find these questions in the affirmative, then you would be authorized to find in favor of the plaintiff." We think this charge was error, and entitles the plaintiff to a new trial. In the first place there was an admission, in the defendant's answer, that he was in possession of the mule at the time suit was filed. In the second place, it was not necessary, in order to entitle the plaintiff to recover, that the defendant should have been in possession of the property at the time of the filing of the suit. It was only essential that the plaintiff should show that it had title to the property in dispute, and that the defendant had been in possession of it at some time after the plaintiff acquired title. The only purpose of a demand in a trover case is to furnish evidence of a conversion. The defendant having admitted in his answer that he was in possession of a portion of the property, and that he had refused to deliver it to the plaintiff, and having testified that he had traded the mule, no demand was necessary, so far as the mule was concerned; because, taking the defendant's an-

swer and his testimony together, it is evident, if both are true, he must have traded the mule after the suit was filed. The trading of the mule was a conversion by the defendant, and no proof of demand was necessary to authorize the plaintiff to recover the mule or its value. So far as the horse is concerned, it does not appear exactly when the defendant delivered the horse back to Griffith. If this was done after the transfer of the note and after its record, of course this was sufficient evidence of a conversion of the horse, as against the plaintiff, and no demand was necessary. If, at the time the defendant surrendered the horse to Griffith, the defendant had no actual or constructive knowledge that the note had been transferred to the bank, he would be relieved, so far as the horse was concerned. The evidence was in sharp conflict as to whether the defendant had executed the note upon which the plaintiff relied in support of its title, and it was harmful error against the plaintiff to instruct the jury that before the plaintiff could recover, it must have appeared from the evidence that the defendant was in possession of the property at the time of the filing of the suit. For this reason the judgment overruling the motion for new trial must be                                           . *Reversed.*