Birchfield Grocery Company *v.* Swaney and Wear.*

(*Knoxville.* September Term, 1926.)

Opinion filed November 20, 1926.

**1. WRITTEN INSTRUMENT. Account. Contract. Denial. Pleading.**

Where defendant is sued upon an account as for merchandise sold, and not upon a written order for same, a denial under oath is not necessary. Section 5556 of Shannon's Annotated Code, enumerating written instruments required to be denied under oath, is a rule governing pleadings. (Post, p. 238.)

Cases cited: Peres v. Ensel, 1 Shannon's Cases, 188; Shannon's Code, section 5556.

**2. SAME. Same. Same. Same. Evidence.**

Section 5558 of Shannon's Annotated Code, providing that instruments introduced by defendant when allowed by law, is equally conclusive, as when introduced by plaintiff, unless denied under oath, relates to rules of evidence, and such denial may be by the sworn testimony of defendant at the trial. (Post, p. 239.)

Citing: Shannon's Code, section 5558.

**3. SAME Constituting the foundation of an action. Denial.**

Shannon's Annotated Code, section 5556, enumerating instruments required to be denied on oath, "constituting the foundation of an action," means that a written instrument declared upon as the foundation of a suit, is conclusive unless the execution thereof is denied under oath. But not where such instrument is merely offered in evidence in support of the action upon an account. (Post, p. 240.)

Cases cited: Webb v. Till, 134 Ga., 388; Jones v. Walker, 13 Tenn., 429; Barrett v. Hambright, 36 Tenn., 587; Douglas v. Cross, 46 Tenn., 417; Snapp v. Thomas, 73 Tenn., 505; Bloom v. Cate, 75 Tenn., 472; Rhinehart v. Murray, 83 Tenn., 472; Shannon's Code, 5556.

**4. CODE 1858. Omitted act. Conflict.**

Where a Statute is omitted from the Code of 1858, and a conflict arises, the latter will prevail. . (Post, p. 240.)

Citing: Acts 1819, ch. 27, sec. 4.

---

*Headnote 1. Accounts and Accounting, 1 C. J., section 179 (Anno.); Pleading, 31 Cyc., p. 531.

---

### FROM LOUDON.

---

Appeal from the Circuit Court of Loudon County to Court of Civil Appeals, and by *certiorari* to the Supreme Court.—HON. S. C. BROWN, Judge.

CRAWFORD & GODDARD, for appellant.

E. E. WATKINS, for appellee.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

This suit' originated before a Justice of the Peace, the warrant being as follows:

"STATE OF TENNESSEE, Loudon County.
"To any lawful officers within said County:—

"You are hereby commanded to summon Swaney and Wear to personally appear before me, or some other acting justice of the Peace for said County, to answer the complaint of Birchfield Grocery Co. in a plea of debt due by account, under five hundred dollars.

"Given under my hand and seal this 15th day of August 1924.

"G. A. BLANKENSHIP (SEAL)
"Justice of the Peace"

The magistrate dismissed the suit and upon appeal his judgment was affirmed by the circuit court.

The Court of Appeals reversed the circuit court and entered judgment for the plaintiff.

The controversy is as to 150 bags of salt.

The plaintiff insists that it sold defendants 450 bags, that they paid for 300 bags and still owe for 150.

On the other hand, defendants insist that they only purchased 300 bags, but that plaintiff included 150 in the shipment (450 being a car) for other customers so as to get the benefit of carload rates.

The salesman of plaintiff sold the 150 bags to other merchants, but testified that he sold some for the defendants.

A few days after the salt was received and placed in the warehouse of defendants, and after one of the other purchasers had procured the number of bags which he purchased from plaintiff's salesman, the warehouse and all of the salt was burned without any fault of the defendants.

The testimony is in conflict, and there was ample evidence to support the finding of the trial court, provided testimony was competent to contradict the written order for 450 barrels executed by defendants.

The defendants testified that they only purchased 275 bags, but agreed to increase their purchase to 300 bags if necessary to make up a carload. They further testified that the order, when signed by them, called for only 275 bags, but that subsequently the figures "275" were stricken out and "450" written just below, which was done without their knowledge or consent.

The order, if we can look to it, shows that the figures "275" were written on the order and a pencil line drawn through same. The order was not written by plaintiff's salesman but by the salesman of Myles Salt Company, of New Orleans, who sold defendants through plaintiff. This latter salesman did not testify.

The Court of Appeals entertained the view that the suit was based on the written order, and that since defendants did not deny same under oath their testimony contradictory thereof was incompetent.

In this the Court of Appeals was in error. The suit is on an account and not on the contract, and defendants did not have to deny same under oath.

In *Peres* v. *Ensel,* 1 Shan. Cas., 188, it was said: "The suit was brought upon an account and not upon the written contract offered in evidence, therefore the defendant was not required to deny upon oath the execution of the paper."

Section 5556 of Shannon's Annotated Code is as follows: "Every written contract, instrument, or signature purporting to be executed by the party sought to be charged, his partner, agent, or attorney in fact, and constituting the foundation of an action, is conclusive evidence against such party, unless the execution thereof is denied under oath."

The term "constituting the foundation of an action" simply means that a written instrument declared upon, as the foundation of a suit, is conclusive unless the execution thereof is denied under oath.

The warrant in this case makes no reference to any written contract, hence there was no necessity for a denial under oath.

Under this warrant the plaintiff could have established a claim for dry goods or tobacco, as well as for salt.

In the form in which this action was brought the contract was of evidential value, but it was not the foundation of the action.

Plaintiff could have prosecuted its suit without any reference to this written contract. It is only where the written instrument is declared on in the pleadings that a denial under oath becomes necessary. Where such an instrument is merely offered in evidence, in support of the action, its execution does not have to be denied under oath.

This rule is illustrated in the case of *Webb* v. *Till,* 134 Ga., 388, which was a suit for partition. Attached to the petition was a copy of an alleged deed under which the petitioner claimed that she acquired an undivided interest in the land.

The defendant undertook to prove that said deed was a forgery, which evidence was objected to on the ground that the execution of the deed was not denied under oath.

The Georgia statute is substantially the same as ours.

The court, in holding that the execution of the deed did not have to be denied under oath, said:

"A deed may have evidential value to show title to the undivided interest. But the deed is not the foundation of the action. So, in ejectment, or in complaint for land with an abstract of title attached, every deed on which the plaintiff relies as a part of his chain of title cannot be called the 'foundation of an action,' so that each of them must be denied by the defendant under oath."

An examination of the following decisions of this court will show that in each case the written instrument upon which the suit was based was set out or expressly referred to in the warrant or declaration: *Jones* v. *Walker,* 13 Tenn., 429; *Barrett* v. *Hambright,* 36 Tenn., 587; *Douglas* v. *Cross,* 46 Tenn., 417; *Snapp* v. *Thomas,* 73 Tenn., 505; *Bloom* v. *Cate,* 75 Tenn., 472; *Rhinehart* v. *Murray,* 83 Tenn., 472.

Counsel for the plaintiff also rely upon section 5558 of Shannon's Annotated Code, which is as follows:

"The execution or assignment of instruments offered in evidence by the defendant, when allowed by law, is equally conclusive as when introduced by plaintiff, unless denied under oath."

This section relates to rules of evidence, and makes the instruments embraced therein conclusive unless denied under oath. Here the defendants, in their sworn testimony, denied the execution of the order in question.

On the other hand, section 5556 is a rule governing pleadings.

We are also referred to section 4 of chapter 27 of the Acts of 1819, which does not conflict with the conclusions announced herein; furthermore that statute was omitted in the Code of 1858.

For the reasons indicated the judgment of the Court of Appeals will be reversed and that of the circuit court affirmed.