## 18717. STEINER, for use, etc., *v.* BLAIR.

DECIDED NOVEMBER 16, 1928.

*J. C. & H. E. Edwards,* for plaintiff.

*Hamilton Kimzey,* for defendant.

JENKINS, P. J.   Steiner, for the use of Landers, filed a suit against Mrs. Emma Blair upon a mortgage note, praying for a general judgment against the defendant, and for a special lien upon the property described in the mortgage note.   The defendant filed a plea of non est factum.   On the trial the plaintiff offered in evidence the mortgage note, which had been properly recorded in the office of the clerk of the superior court of Habersham county, but offered no proof of its execution.   It was objected to upon the ground that a plea of non est factum had been filed, and that no proof of the execution of the instrument had been offered.   The court sustained the objection, and, no further proof being offered by the plaintiff, granted a nonsuit.

It is insisted by able counsel for the plaintiff in error that the instrument sued upon in this case, having been properly executed and properly recorded was, under the provisions of sections 3261 and 4210 of the Civil Code (1910), admissible in evidence without any sort of proof of its execution, despite the defendant's timely

plea of non est factum, and that consequently the court erred in rejecting it. Section 4210 of the Civil Code provides that "a registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs, or the opposite party in the cause will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief, when the court shall arrest the cause and require an issue to be made and tried as to the genuineness of the alleged deed." By section 3261 of the Civil Code, "mortgages, when duly executed and recorded, shall be admitted in evidence under the same rules as registered deeds." The affidavit of forgery provided for by section 4210 of the code may be filed by either party to a cause in which a registered deed is offered in evidence, or by the maker of the proffered deed, or one of his heirs, whether parties to the cause or not; and the effect of such an affidavit is to raise for trial a special collateral issue which must be heard and determined before the instrument is admitted or rejected. When the affidavit is filed the "burden of proof as to the genuineness of the deed is upon the party asserting it, *and the fact that a deed so attacked is recorded does not change the onus.*" (Italics ours.) *Holland* v. *Carter,* 79 *Ga.* 139, 141 (3 S. E. 690). But a party against whom a deed is offered in evidence is not obliged to file an affidavit of forgery, unless the deed is the basis of the action. If the instrument be collateral in its nature, he can permit it to be introduced in evidence, and then attack it by introducing any competent evidence to impeach it. *Hollis* v. *Stevens,* 36 *Ga.* 463; *Sibley* v. *Haslam,* 75 *Ga.* 490, 493; *Anderson* v. *Cuthbert,* 103 *Ga.* 767 (30 S. E. 244). In the latter event, however, the burden of disproving the genuineness of the deed rests upon the attacking party. *Williams* v. *Rawlins,* 10 *Ga.* 491; *Haithcock* v. *Sargent,* 145 *Ga.* 84 (2) (88 S. E. 550); *Jelt* v. *Hart,* 152 *Ga.* 266 (2) (109 S. E. 654). It would seem, therefore, that the provisions of section 4210 of the code really have application only in cases where a recorded deed is collaterally introduced in evidence, and do not refer to instruments forming the basis of the action. Under that section, a deed, when offered, may be attacked by affidavit of forgery by the opposite party, whether plaintiff or defendant, and even by one who is not a party to the cause if he is the maker of the deed or an heir of the maker of the deed. But if the instrument, whether

it be a deed, note, or mortgage, is the basis of the action, its genuineness can not be disputed or attacked by the defendant unless he files a plea of non est factum, which is "a denial of the execution of the instrument sued upon." Civil Code (1910), §§ 5650, 5676; *Matthews* v. *Edwin Bates & Co.*, 93 *Ga.* 319 (20 S. E. 320). Thus it would seem that the provisions of section 4210 have application only to the determination of a collateral issue made by the offering in evidence of a recorded instrument not forming the basis of the action, and do not have application in a case where the only issue made by the pleadings relates to the genuineness of the instrument sued upon. Accordingly, the provisions of this code section can not be taken or construed to vary the general rule to the effect that where the execution of an instrument sued on is denied on oath, there must, before it can be introduced in evidence, be some proof of its execution, after which the issue made under the plea must be determined by the jury according to the preponderance of the evidence.

*Judgment affirmed. Stephens and Bell, JJ., concur.*