ROGERS *v.* EASON, administratrix.

BELL, Justice. 1. No person shall in his plea or answer be permitted to deny any deed, note, or other instrument in writing, which is the foundation of the action, unless he shall make an affidavit of the truth of such plea or answer at the time of filing the same. Code, § 81-405. "The plea of non est factum is a denial of the execution of the instrument sued upon, and applies to notes and other instruments, as well as deeds, and applies only when the execution of the instrument is alleged to be the act of the party filing the plea, or adopted by him." Code, § 81-701.

2. Where a person claiming to be the holder of a note and a security deed in virtue of a transfer and conveyance from a previous holder brought a suit to enjoin the administratrix of the latter from exercising a power of sale contained in such security deed, upon the alleged ground that such previous holder during his lifetime had executed to the plaintiff an

instrument transferring the note and conveying the property described in the security deed, such alleged transfer and conveyance to the plaintiff did not constitute the "foundation" of the plaintiff's action or "the instrument sued upon" within the meaning of the Code sections cited above. *Williams* v. *Rawlins*, 10 *Ga.* 491; *Webb* v. *Till*, 134 *Ga.* 388 (67 S. E. 1034).

3. The instrument referred to above as a transfer and conveyance having been duly attested and recorded as a deed, and being entitled to such record, and no affidavit of forgery having been filed in accordance with the Code, § 29-415, the instrument was presumably genuine, and the burden was upon the defendant to prove the contrary. *Gilmer* v. *Harrison*, 146 *Ga.* 721 (2), 724 (92 S. E. 67); *Buck* v. *Kitchens*, 155 *Ga.* 721 (118 S. E. 51).

4. The ruling last stated is not altered by the fact that a plea of "non est factum" was filed by the defendant, the instrument being neither "the foundation of the action" nor "the instrument sued upon." While the plea amounted to a denial of the genuineness of the instrument and enabled the defendant to introduce evidence for the purpose of showing that it was forged, it was insufficient to cast the burden of proof upon the plaintiff, in view of the fact that the instrument was duly recorded and was admissible in evidence and presumed to be genuine under the registry laws. *Haithcock* v. *Sargent*, 145 *Ga.* 84 (2) (88 S. E. 550); *Wilkinson* v. *Dix*, 151 *Ga.* 605 (2) (107 S. E. 844); *Jett* v. *Hart*, 152 *Ga.* 266 (2) (109 S. E. 654).

5. It follows that the court erred in charging the jury that the burden was upon the plaintiff to prove that the instrument was not a forgery but was executed by the defendant's intestate as alleged in the petition.

6. The case differs from *Steiner* v. *Blair*, 38 *Ga. App.* 753 (145 S. E. 471), where the suit was to enforce a provision contained in the instrument. Compare *Webb* v. *Till*, supra, where it was said: "If suit were brought for a breach of a covenant in the deed, the deed would be the foundation of the action." See also *Anderson* v. *Cuthbert*, 103 *Ga.* 767 (30 S. E. 244); *Citizens Bank of Valdosta* v. *Peeples*, 10 *Ga. App.* 703 (74 S. E. 303).                        *Judgment reversed. All the Justices concur.*

No. 11400. NOVEMBER 18, 1936.

*H. H. Elders* and *M. W. Eason,* for plaintiff.

*P. M. Anderson,* for defendant.