## JETT v. HART.

HILL, J. 1. Material portions of certified copies of tax returns of the defendant in ejectment, as to the number of acres of land given in by him, and the value thereof for certain years, were allowed in evidence over objection that the copies were certified to by the tax-receiver, and not by the tax-collector; that the original returns were of file in the office of the collector, and not in the office of the receiver; and that the original returns themselves, and not certified copies of the returns, would be admissible. It was not error, as against these objections, to allow the certified copies of the returns in evidence. Civil Code (1910), §§ 5798, 1194, 4882; *Ponder* v. *Shumans,* 80 *Ga.* 505 (2), 507 (5 S. E. 502).

(a) Under the Civil Code §§ 1093, 1094, 1096, 1197, relating to the duties of the receiver of tax returns, the tax-receiver of each county is required to receive all returns and make three digests of the tax returns as provided therein; one copy of the digest is to be forwarded to the comptroller-general, one filed in the office of the ordinary of the county, and one delivered to the tax-collector; but the certified copy offered in evidence in the present case is the copy of the return of the taxpayer, and not a copy of the digest which is required to be filed in the office of the tax-collector.

2. Where, on the trial of an ejectment suit, a deed from the defendant to the plaintiff to the land in controversy, duly recorded, was offered in evidence by the plaintiff, and no affidavit of forgery was filed, it was prima facie admissible in evidence, and the burden of disproving the genuineness of the deed rested upon the party against whom the deed was admitted. Civil Code (1910), § 4210; *Haithcock* v. *Sargent,* 145 *Ga.* 84

(2), 88 (88 S. E. 550); Powell's Actions for Land, 254, § 205. Consequently, in such circumstances it was not error for the judge to charge the jury: " The defendant in this case contends that he never made any deed to this land to Dr. Hart. I charge you that a deed has been introduced from the defendant, Titus Jett, to Dr. C. C. Hart, and that the burden rests upon the defendant of proving that he did not execute the deed."

3. The third ground of the motion for new trial is not argued, and will be considered as abandoned.

4. The evidence authorized the verdict, including the amount found as mesne profits.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent because of sickness.*

No. 2449. NOVEMBER 17, 1921.

Complaint for land. Before Judge Hutcheson. DeKalb superior court. January 15, 1921.

*Carl T. Hudgins,* for plaintiff in error.

*Napier, Wright & Wood,* and *J. N. Johnson,* contra.