BOWMAN *v.* GIVENS.

No. 13373. June 14, 1940.

*Tom P. Edwards,* for plaintiff in error.   *Olin Hammock,* contra.

GRICE, Justice.   Error is assigned on the refusal to grant a new trial.   Grounds 1 and 2 of the amendment to the motion attack portions of the charge, not because the instructions stated incor-

rect principles of law, but it is contended that there was no evidence to warrant the instructions. In each instance the charge contained a statement as to the law applicable to the case as made by petitioner in her suit, and the criticism is but another way of presenting the contention that she offered no sufficient evidence to justify the submission of her case to the jury. Grounds 5 and 6 are but reiterations of the grounds asserting that the verdict was contrary to the evidence. Whether or not these four grounds are meritorious is a question to be determined upon a consideration of the general grounds.

Ground 4 complains that the judge admitted, over objection of the movant that it was not properly executed and sworn to, a copy of a taxpayer's return of property for taxation. It was a copy of Pet Givens' tax return, duly certified by the tax-collector, as the same appeared of record in his office. This ground is without merit. *Jett* v. *Hart,* 152 *Ga.* 266 (109 S. E. 654).

Ground 3 was as follows: "Because upon the trial of said case the court erred in the following point and particular: On page three, line three, of the brief of the evidence, C. H. Peddy, sworn in behalf of the plaintiff, testified as follows, on cross-examination by movant's attorney: 'She said that she got him to pay the money.' Said testimony was admitted in evidence over objection timely made by counsel for defendant. The court erred in admitting said testimony in evidence over timely and proper objection by counsel for defendant, for the reason that said evidence was hearsay, illegal, and was prejudicial to the defendant's rights, and assigns same as error." Without an examination of the brief of evidence, we can not know whether the answer was in direct response to a question of movant's counsel or not; nor whom ";she" or "him" refers to; nor whether the one meant defendant in error, and the other plaintiff in error. It is not shown that at the time the objection was made movant stated to the court what the objection was. *Henslee* v. *Harper,* 148 *Ga.* 621 (97 S. E. 667). This ground presents no sufficient reason for reversal. Upon a consideration of the general grounds of the motion and upon an examination of the evidence, we have reached the conclusion that the verdict was supported; and it having received the approval of the trial judge, his discretion in refusing a new trial will not be disturbed.

*Judgment affirmed. All the Justices concur.*