### 21443. DURAND v. REEVES *et al.*

ARGUED NOVEMBER 13, 1961—DECIDED JANUARY 4, 1962.

*Smith, Oliver, Johnson & Bostick*, for plaintiff in error. . . *Leon Boling, A. B. Tollison*, contra.

ALMAND, Justice. The judgment under review is one denying the plaintiff's motion for a new trial based on the general grounds and four special grounds.

John W. Durand brought an equitable petition against A. Beecher Reeves, Felton M. Porter, and Marvin Jett, seeking to

have them permanently enjoined from committing acts of damage and waste on the plaintiff's property.

By amendment, Felton M. Porter was stricken as a defendant, and Walter Porter was substituted in lieu thereof as a party defendant. The action was dismissed voluntarily against Marvin Jett, as the matters complained of in the petition became moot as to this defendant.

The material allegations of the petition as amended are: that the plaintiff is the owner and is in possession of a tract of land as described in a deed from G. L. Durand to John W. Durand, being all of that land except a portion taken by the United States Government; that the defendants, A. Beecher Reeves and Walter Porter, have cut timber and graded a right of way for a road running 30 feet in width and 750 feet in length across the western portion of the above land of the plaintiff; that the above described portion of said road is located on the property of the plaintiff; that the defendant, A. B. Reeves, has surveyed or caused to be surveyed and marked with iron pins and stakes a portion of the plaintiff's land, as shown by a plat, dated August 22, 1958, the east line of said plat being located altogether on land of the plaintiff, and that said iron pins and stakes erected on the plaintiff's land constitute a continuing trespass thereon; that there are between one and two acres of growing timber on the right of way being cleared as above, and varying stands upon said land; that the defendants are now engaged in cutting and removing said timber on the land; that it will be impossible to estimate the value of the timber after the same has been removed because of the difference in sizes and lengths of the timber, and because of the variation in the stands of timber on the various portions of the property; that the defendants are threatening to continue said trespasses, and it is necessary for them to be enjoined in order to avoid a circuity and multiplicity of actions, all of the aforesaid trespasses being continuous in their nature; that the defendants are dragging the laps, tree tops, stumps and logs from said timber onto other portions of the plaintiff's lands, thus preventing their use by the plaintiff; that the defendants threaten to continue dragging said laps, tops, stumps and logs onto said land unless enjoined;

that the plaintiff has constructed several cabins and cottages on the above described land, and the roadway now being graded by the defendant passes close to the cottages and cabins; that the construction of the road as proposed will constitute irreparable damage to the cabins and cottages; that the passage of traffic on the above road, with its accompanying noises and odors, will cause immediate annoyance to occupants of said cabins and cottages and to the petitioner; that it is manifestly injurious to their comfort and safety and will constitute a nuisance as to the occupants of said cabins and cottages and to the petitioner all to their hurt and damage. The plaintiff prayed that the defendants be permanently enjoined from committing the acts of damage and waste complained of.

The case proceeded to trial, with the jury returning a verdict for the defendants.

■ Special ground 1 complains of the trial court's refusal to strike out certain hearsay evidence elicited by plaintiff's counsel on cross-examination of a witness for the defendant. The ground sets out the evidence given by the witness, but does not show what question was asked. The rule governing such situations is that, where a counsel asks a question to which a witness responds with hearsay evidence, the questioning counsel cannot have such evidence stricken if it is responsive to the question asked. It is necessary, in such a case, for the ground to set out both the question and answer in order for the ground to be complete. *Bowman v. Givens*, 190 Ga. 522, 524 (9 SE2d 833). Since this ground fails to set out the question asked, it is incomplete, and therefore there is nothing for this court to consider.

■ Special ground 2 complains of the refusal of the court to charge a timely written request as follows: "Gentlemen of the jury, I instruct you that traditionary evidence as to the ancient boundaries and landmarks shall be admissible in evidence, the weight to be determined by the jury according to the source whence it comes." Where a written request to charge is legal and adjusted to the distinct matter in issue, to refuse to give the request in precisely the language requested is to commit error. *Vaughan v. Vaughan*, 212 Ga. 485 (93 SE2d 743). The above request was taken from *Code* § 38-313, and therefore is a

correct statement of the law. In cases where a plaintiff seeks to enjoin a defendant from trespassing on land, on the ground that he has title to the premises, and the defendant in his answer asserts title to the same premises, and both parties offer evidence to substantiate their claims, the question of title to the land is involved, since the plaintiff would not be entitled to an injunction unless he shows title in himself. *Bunger v. Grimm*, 142 Ga. 448 (8) (83 SE 200, AC 1916C 173). The defendant here set up his ownership to the disputed land, and the plaintiff's case rested upon a determination of the location of the lines, corners, and the locations thereof. The pertinent evidence was traditionary, and the requested charge was an applicable one. The verdict for the defendant was not demanded by the evidence, and thus it was error to refuse to give the requested charge.

■ Special ground 3 complains of the refusal to charge the following timely written request: "I charge you that there is no dispute under the evidence in this case as to the direction or course of the line between the properties of the plaintiff and those of the defendants, that line running north and south. If you find from the evidence in this case that the corner contended for by the plaintiff now marked by an angle iron, iron pin and rock is in the location of the oak tree with hacks marks thereon, and that said oak tree was a true ancient landmark or monument, then you will find a line running through said corner south to the road and north to the property of the United States Government. If you find that the corner marked by a stake, iron pin and rock to have been the true corner, then you will find a line running through said corner south to the road and north to the property of the United States Government. The line you so find will be the true line between the property of the plaintiff and the properties of the defendants in this case."

It has been repeatedly held by this court that, in order for a refusal to give a requested charge to be error, such charge must be a correct statement of the law and applicable to the issues involved. The parties refused at the beginning of the case to stipulate that the line ran north and south as that would alter the result by some few acres. The evidence brought out at the trial showed that the line ran a few degrees off true north and

south. Thus, this requested charge was incorrect and inapplicable. There was no error in refusing to give this request.

■ The final special ground complains of an excerpt from the charge given the jury, said complaint being directed to the following portions by the brief of the plaintiff in error. (a) "It is not a very complicated issue. . ." This portion was objected to as being an expression of an opinion by the court to the injury of the plaintiff. This ground is without merit as such statement by the court is not an expression ". . . as to what has or has not been proved, . . ." as provided in *Code* § 81-1104.

(b) The second portion complained of reads as follows: "You will determine where the original corner is . . ." on the ground that the question involved was not a determination as to where the original corner or original line between the properties was located, but where the present line is located. This ground is without merit for the reason that in *Robertson v. Abernathy*, 195 Ga. 704, 710 (25 SE2d 424), this court said: "No prejudice to the defendant appears in the inaccurate instruction to the jury that the line which might be fixed by acquiescence was the 'original line,' instead of referring to the line, as described in the *Code*, § 85-1602, as the 'dividing line.'" It follows that under the evidence in this case the plaintiff could not have been damaged by such charge. There is no merit in this contention.

For the reason set out in division 2 of this opinion, the trial court committed reversible error. Since this case is to be retried, it is unnecessary to determine at this time whether or not there is sufficient evidence to support the verdict.

*Judgment reversed. All the Justices concur.*