## 58295. BROCK et al. v. DEPARTMENT OF TRANSPORTATION.

CARLEY, Judge.

In this appeal from a verdict and judgment in a condemnation proceeding, the individual owner and corporate lessee appeal from the judgment entered on a jury verdict awarding just and adequate compensation for the partial taking of a piece of property at the corner of Sycamore and Broad Streets in Gainesville. The jury found there were no recoverable consequential damages or lost profits and returned a verdict only for the value of the land taken in fee and the temporary construction easement.

1. Appellants urge that the trial court erred in giving, over objection, the following charge: "I charge you that the right of access or easement of access to a public road is a property right which arises from the ownership of land contiguous to a public street, and the owner cannot be deprived of this right without just and adequate compensation being first paid. However, a property owner is not entitled as against the public to access to his land at all points in the boundary between the property and the street, if entire access has not been cut off, and if he is offered a convenient access to his property and to improvements thereon."

The first sentence of this charge is a direct quotation from *MARTA v. Datry,* 235 Ga. 568, 575 (220 SE2d 905) (1975). Appellants contend that even though the charge states a well established and correct principle of law, it is inapplicable because *Datry* was not an eminent domain case but an equity action brought by a property owner seeking to enjoin continuation of MARTA construction until he was paid just and adequate compensation for the taking of his property rights.

The Supreme Court held in *Datry* that " '[I]nterfering with access to premises, by impeding or rendering difficult ingress or egress, is such a taking and damaging as entitle the party injured to compensation under a provision for compensation where property is damaged.' [Cit.] The measure of damages is any diminution in the market value of the property by reason of such

interference . . ." *MARTA v. Datry,* supra at 577.

Not only are these standards relevant to the instant case, the giving of this charge was clearly beneficial to the appellants because it set forth a basis upon which they could be awarded consequential damages. They cannot now complain since the charge was in their favor. *Kickasola v. Jim Wallace Oil Co.,* 144 Ga. App. 758, 760 (6) (242 SE2d 483) (1978) (U. S. cert. den., 436 U. S. 921).

The second portion of the charge is based upon the Supreme Court's holding in *State Hwy. Bd. v. Baxter,* 167 Ga. 124, 133 (1) (144 SE 796) (1928). This rule of law is also relevant in any case where the jury is to determine the basic issue of the amount of just and adequate compensation due to the condemnees. Appellants concede in their brief that it "could possibly have been given with additional language . . ." However, no additional language was requested. The charge as given stated the applicable law as adjusted to the evidence presented and was not erroneous.

2. Appellants also assign error in the giving, over objection, of the following charge: "In order for the operator of a business to recover for a loss of business, it is encumbent upon the business operator to establish by competent evidence that the business has been successfully operated at that location at a profit, and he must also establish information or data sufficient to enable you to estimate with reasonable certainty the amount of the loss, if such you find, traceable to the taking by the Condemnor." Enumeration 3 protests admitting into evidence the federal tax returns of the corporate lessee on the issue of lost profits.

Appellee opposed the submittal to the jury of the issue of lost profits and since the trial court allowed it, appellants cannot complain because the judge instructed the jury as to the resolution of that issue by stating legal principles which were correct and applicable. See *Venable v. State Hwy. Dept.,* 138 Ga. App. 788, 789 (1) (227 SE2d 509) (1976). Appellants are equally unjustified in arguing that the instructions should have included a definition of the term "profits," since no request was made therefor.

Appellants also contend that the admission into evidence of federal income tax returns might have caused

the jury to conclude that a taxable profit had to be shown in order for the appellants to recover. Nothing in the charge or the trial court's evidentiary rulings could have so misled the jury. The tax returns were signed as being true and accurate and the information therein was relevant in determining if the taking resulted in lost profits compensable under the holding in *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884) (1966). Moreover, appellants were allowed to introduce extensive evidence to support their contention that there was a loss of business, and the tax returns merely afforded documentation as to the condition of the business. We find no grounds for reversal for any reason assigned.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED SEPTEMBER 4, 1979 — DECIDED OCTOBER 9, 1979 — REHEARING DENIED OCTOBER 23, 1979.

*Douglas Parks,* for appellant.
*Arthur K. Bolton, Attorney General, Samuel L. Oliver,* for appellee.