60154, 60337. ALLEN v. HALL COUNTY et al. (two cases).

BIRDSONG, Judge.
Special master condemnation. The appellant Bob Allen, d/b/a Bob Allen State Farm Insurance Agency entered into a 25-year lease with a Mrs. Apperson in the City of Gainesville, Georgia. Approximately one year after entering upon the lease, Hall County condemned the whole of the property leased, both the real estate and an office building, for county purposes. By agreement, the special master made separate findings of the interest of the fee simple owner (Apperson) and the leaseholder (Allen). On June 16, 1978 the special master returned his report to the superior court, wherein he recommended that the sum of $59,393.15 be paid to Mrs. Apperson for her fee simple interest and the sum of $21,411.71 be paid to Allen as the value of the remainder of the 24 years of the lease as well as consequential damages, which as to Allen included relocation costs. On June 30, 1978, the trial court entered a judgment and order approving the findings and conclusions of the master and disbursing the funds, which judgment and order was consented to by all parties. On June 27, 1978, Hall County filed a notice of appeal to the superior court as to the "award" as to both condemnees. However, neither Hall

County nor Mrs. Apperson subsequent to the filing of the master's report and before the judgment entered thereon by the trial court ever took specific exception to the legal findings or conclusions of the master nor was any appeal ever filed by either Hall County or Mrs. Apperson as to those findings or conclusions.

However, on June 25, 1979, a year after the entering of the trial court's judgment and disbursement of the award to Mrs. Apperson and Allen, both Mrs. Apperson and Hall County challenged the validity of the lease, arguing that the lease was terminated upon condemnation and thus Allen had no compensable interest remaining in the lease. Following a court-sanctioned hearing, the trial court found the lease to be valid but found error in the award of the master granting damages based upon the life of the lease running for 24 years after the condemnation. The issue raised by the appeal of Hall County as to the value of the award went to trial on March 13, 1980. However, the trial court limited proof by Allen as to value to the relocation costs and prevented Allen from offering evidence as to the value of a leasehold interest from 1978 through 2002.

Because of the possibility of a substantial difference between the award of the special master compensating the loss of the 24 years of the lease between Apperson and Allen divorced from the value of relocation costs, Allen sought a declaratory judgment whether under the provision of Ga. L. 1957, pp. 387, 396 (Code Ann. § 36-615a) he was or was not an "owner" required to repay such part of the award disbursed in June, 1978, should the jury return a verdict as to value that was less than the amount of the master's award. That this was of real concern is manifested by the fact that the master recommended an award to Allen of $21,411.71 and the jury, limited to relocation costs, returned a verdict of $1,700. Parenthetically, we note that on the question of value, the jury returned a verdict for Mrs. Apperson in the amount of $57,000 for the loss of her freehold. Allen brings an appeal enumerating as error the pretrial reconsideration by the trial court of the award and judgment confirming the recommendations of the special master in June, 1978, and in a separate appeal (consolidated with his other appeal), the trial court's ruling that Allen was an "owner" within the meaning of the pertinent statute requiring Allen to repay any overpayment. *Held:*

1. "The special master method of condemnation is intended to be an expeditious method of arriving at the just and adequate compensation to be paid a citizen before his interest in property may be condemned. Code Ann. § 36-602a. This is accomplished by having a special master appointed to hear evidence as to the value of the property taken and the damage done and then to make an award upon which the superior court can enter a judgment immediately

vesting title in the condemnor upon payment of the amount awarded. Code Ann. § 36-605a. Though the primary duty of the special master is to ascertain the value of the property sought to be condemned, the special master is authorized to hear and determine any legal objections that may be raised by the parties, including, for example, the right of the condemnor to condemn, the interest to be condemned, the nature of the interest taken and the effect of the condemnation upon the respective rights of the parties. When legal objections are raised before and passed upon by the special master, to obtain review of these objections exceptions must be taken to the master's findings prior to the superior court's entry of an order and judgment condemning the property. If no exceptions are taken and the master's findings are made the judgment of the court, the court's judgment is final insofar as it adjudicates these legal issues, until set aside or reversed in a manner provided by law. [Cits.]" *Shoemaker v. Dept. of Transp.*, 240 Ga. 573, 577 (3) (241 SE2d 820). "It is well established that all legal issues relating to the condemnation may be raised and determined in the special master proceeding. If no exceptions are taken to the master's findings or no regular appeal taken from the judgment based on his award, the only issue remaining is that of value. [Cits.]" *Nodvin v. Ga. Power Co.*, 125 Ga. App. 821, 822-823 (189 SE2d 118).

In this case, neither Hall County nor Mrs. Apperson raised any objection to the legal issues resolved by the special master nor did either file an appeal to the judgment and order entered thereon by the superior court. The only appeal taken was to the award wherein Hall County sought a jury determination as to the contested value of the respective interests held by Mrs. Apperson and Allen. Argument has been made that the lease terminated upon the exercise of condemnation and because the lease was terminated, the value of Allen's damages was greatly affected; thus, the appeal by Hall County goes directly to the issue of the value of the lease. However, we reject that argument for what the special master decided was the quality of Allen's interest in addition to the quantity and no proper appeal was taken as to these issues. Having determined that Allen had a 25-year lease, the master evaluated the loss of that lease following condemnation. The award of the special master, whether right or wrong, was made the judgment of the court, and complied with by the condemnor, Hall County, by paying into court·the value of the fee simple and the leasehold interests. That judgment vested fee simple title to such property in the condemnor. The award and judgment, unexcepted to and unappealed from, is res judicata as to the issue of the existence and length of the leasehold interest. *Johnson v. Fulton County*, 103 Ga. App. 873, 882 (121 SE2d 54). The judgment in the

condemnation proceeding is, therefore, conclusive to all nonvalue issues raised in this appeal. *Shoemaker v. Dept. of Transp.,* supra, p. 578. It follows therefore the trial court erred in reconsidering the validity of the lease a year after judgment had been rendered on the findings of the special master. Likewise, prejudice flows from the trial court's limitation of evidence pertaining to the value of the remaining life of the lease together with the relocation costs.

2. In his first appeal, Allen argues that the trial court erred in holding that he (Allen) was an owner within the meaning of Code Ann. § 36-615a. In this argument, Allen is not so persuasive. We are here confronted with the coexistent but separate property rights of a fee simple owner and a leaseholder. Hall County effected a total taking; therefore, all parties having an interest in the property were entitled to just compensation for the taking of their respective interests. *Bowers v. Fulton County,* 221 Ga. 731 (146 SE2d 884). In the event of an appeal as to the value however, is the leaseholder such an owner that adjustments would be due for an overpayment or an underpayment?

So long as the lease existed, Allen had an exclusive right to possession and use. Postulating that the condemnation had not affected the freehold but affected the untrammeled use of the leasehold only, injury nevertheless would result to a property interest, i. e., the continued use of the leasehold. It hardly could be said that the freeholder as "owner" deserved compensation for damages which did not occur to the freehold estate and the leaseholder (who would suffer the damage) could not recover damages which affected the use of the leasehold. A priori, to that extent, i. e., the right in the leaseholder to possession and use to the exclusion of the freeholder, the leaseholder is an "owner." It was only the leasehold interest which vested in the leaseholder and that interest is "owned" by Allen to the exclusion of Mrs. Apperson. See *Sou. R. Co. v. State,* 116 Ga. 276, 278 (42 SE 508); *C. & S. Bank v. Edelstein,* 38 Ga. App. 56 (142 SE 307). The trial court did not err in so holding.

*The judgment in case no. 60154 is affirmed; the judgment in case no. 60337 is reversed. Deen, C. J., and Sognier, J., concur.*

ARGUED SEPTEMBER 8, 1980 — DECIDED DECEMBER 1, 1980.

*John E. Girardeau,* for appellant.
*J. Nathan Deal, Robert E. Andrews,* for appellees.