68856. BIG-BIN DISPOS-ALL, INC. v. CITY OF VALDOSTA.
(324 SE2d 501)

SOGNIER, Judge.

The City of Valdosta brought this action to condemn property owned by Wallace DeLoach. Big-Bin Dispos-all, Inc. ("Big-Bin") filed an answer, claiming an interest in the property under an agreement with DeLoach. The Special Master awarded DeLoach an amount for the actual value of the property and awarded Big-Bin nothing finding that Big-Bin had "no interest in the award . . . as [to] the value of the property" and had "suffered no consequential damages." Big-Bin filed no exceptions to the Special Master's award and thereafter the trial court entered judgment approving the award. Big-Bin then filed an appeal demanding a jury trial under the provisions of OCGA § 22-2-112. Big-Bin appeals the trial court's grant of the City of Valdosta's motion to dismiss that appeal.

1. Appellant contends the trial court erred by affirming the Special Master's award and by denying its request for a jury trial on the issue of value. " 'It is well established that all legal issues relating to the condemnation may be raised and determined in the special master proceeding. If no exceptions are taken to the master's findings or no regular appeal taken from the judgment based on his award, the only issue remaining is that of value. [Cits.]' " *Allen v. Hall County*, 156 Ga. App. 629, 631 (275 SE2d 713) (1980). The Special Master found that under the agreement with DeLoach appellant had "no interest in the award herein recommended as the actual market value of the property." Appellant contends the Special Master found that it had an interest in the property but was entitled to no amount in damages. Appellant argues that it was not necessary for it to file exceptions to the Special Master's findings because these findings related

to the amount of value to which appellant was entitled under the condemnation proceeding, though that value was held to be nothing and thus a jury trial under OCGA § 22-2-112 was the appropriate method of appealing the Special Master's award. We disagree.

The agreement between appellant and DeLoach, under which appellant was to lease and acquire a portion of the subject property, was not effective until *after* the date of the condemnation and *after* the completion of certain conditions precedent, none of which had occurred at the time of the condemnation proceeding. Thus appellant had no interest in the property at the time of the condemnation and the Special Master so found as a matter of law. Furthermore, even were we to give credence to appellant's argument that the Special Master found that it had an interest in the actual market value of the property, appellant assigned that interest to DeLoach in the contract which stated that all damages awarded in the event of condemnation proceedings belonged to the lessor (DeLoach) with the exception of that part of the award for "loss of business, depreciation to or cost of removal of stock, fixtures and equipment, all of such award to be the sole property of Lessee . . ."

We hold that the agreement between appellant and DeLoach is unambiguous and the Special Master's finding that appellant had no interest in the value of the property (either because the agreement was not yet in effect or because appellant's interests had been assigned) was a determination of law. See *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 461 (278 SE2d 33) (1981). Appellant failed to take exception to the Special Master's findings and since those findings on all legal questions are final, appellant thus waived his right to appeal the Special Master's determination that it had no interest in the actual market value of the property. *Shoemaker v. Dept. of Transp.*, 240 Ga. 573, 577 (3), 578 (241 SE2d 820) (1978). *Allen v. Hall County*, supra at 631; see *City of Atlanta v. Turner Advertising*, 234 Ga. 1 (214 SE2d 501) (1975).

2. Appellant contends that the Special Master incorrectly found that it had suffered no business losses as a lessee of the property and that the trial court erred by affirming the Special Master's finding that appellant had "suffered no consequential damages." Although the term "consequential damages" generally refers to damages to uncondemned remaining property as a result of a taking under condemnation proceedings, see *State Hwy. Dept. v. Bell*, 113 Ga. App. 768, 769 (149 SE2d 752) (1966), nevertheless, we understand that the Special Master's finding in this regard was that appellant had suffered no business losses. "A . . . lessee may recover for business losses as an element of compensation separate from the value of the land . . . provided only that the loss is not remote or speculative." *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10)

(1980). In order to recover for loss of business, an operator of the business must establish that the business was profitable prior to the condemnation. *Brock v. Dept. of Transp.*, 151 Ga. App. 905, 906 (262 SE2d 156) (1979). The facts are undisputed that appellant did not operate any business on the subject property. Accordingly, evidence of business loss to appellant is purely speculative and an award for damages for business losses would be unwarranted as a matter of law. Further, appellant having failed to except to the legal finding regarding loss of business, that finding is final and appellant has waived his right to appeal for the reasons set forth in Division 1 of this opinion.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 8, 1984 —
REHEARING DENIED NOVEMBER 27, 1984 ▮▮▮▮▮▮▮▮

*William E. Moore, Jr.*, for appellant.
*George T. Talley*, for appellee.