## 70090. OLD SOUTH BOTTLE SHOP, INC. et al.
## v. DEPARTMENT OF TRANSPORTATION.
### (333 SE2d 127)

BENHAM, Judge.

Appellee condemned property owned by appellant Brown and occupied by a business operated by appellant Old South Bottle Shop, Inc., a corporation owned by Brown and appellant Saraf. At trial, the jury awarded Brown $318,000 for the property and awarded the corporate appellant $77,000 for business losses. Appellants enumerate as error the denial of their motion for new trial, the refusal of the trial court to give a requested charge on business losses, the giving of a charge limiting the jury's consideration of business losses to lost profits, and the exclusion of testimony by a witness for appellants. We reverse.

1. The two enumerations concerning jury instructions raise the same issue: the measure of damages for the total or partial destruction of a business.

"In *Bowers v. Fulton County*, 221 Ga. 731 [(146 SE2d 884) (1966)] . . . , the Supreme Court held that the destruction of an established business is and must be a separate item of recovery. In discussing this question all allusions referred to 'the value' of the business, and demonstrated that a business has a separate 'value' from the real estate on which it is located. This opinion also dealt with the destruction of a business and not the mere damaging of a business without its complete destruction. In our opinion, if the business has suffered damage because of the taking of the real property upon which it is carried on, the correct measure of damages would be the difference in market value prior to and after the taking. While various elements, such as loss of profits, loss of customers or possibly what might be termed a decrease in the earning capacity of the business may all be considered in determining the decrease in value of the business, they represent no separate element of damage." *Bowers v. Fulton County*, 122 Ga. App. 45, 49 (176 SE2d 219) (1970).

Appellants' request to charge, the refusal of which is enumerated as error, tracked the language used in *Bowers*, supra, to describe the

measure of damages. Appellants also produced evidence authorizing a finding that the location of the business was unique and that the taking destroyed the business. Since the requested charge stated a correct principle of law and was supported by the evidence (see *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314 (265 SE2d 10) (1980)), we hold that the trial court's refusal to charge as requested was error. *Wallace v. Willis*, 111 Ga. App. 576 (2) (142 SE2d 383) (1965).

The charge the trial court gave on this issue, limiting business losses to lost profits, is in conflict with the rule set out in *Bowers*, supra, and was also error.

2. The remaining issue in this case concerns the trial court's exclusion of appellants' expert witness' testimony regarding the cash flow of the business. The trial court excluded that testimony at appellee's insistence because it did not relate to lost profits. As we have ruled, lost profits are not the only element to be considered in determining the damages resulting from the total or partial destruction of a business. On the record before us, we cannot say that appellants' witness could not connect his testimony regarding cash flow to the value of the business. Since the basis for excluding the testimony was the trial court's reliance on an incorrect principle of law (that business losses are limited to lost profits), we find that the exclusion of the evidence was erroneous.

For the reasons given above, appellants are entitled to a new trial on the issue of business losses.

*Judgment reversed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 19, 1985 —
REHEARING DENIED JULY 3, 1985 —

*J. Garland Peek, J. Corbett Peek, Jr.*, for appellants.
*Roland F. Matson, Senior Assistant Attorney General, J. Matthew Dwyer, Jr., John R. Strother, Jr., Beryl H. Weiner, James S. S. Howell, Special Assistant Attorneys General*, for appellee.