77284, 77285. BUCK'S SERVICE STATION, INC. et al. v. DEPARTMENT OF TRANSPORTATION; and vice versa.

(381 SE2d 516)

CARLEY, Chief Judge.

Appellee/cross-appellant Department of Transportation (DOT) condemned a portion of property which was leased to appellant/cross-appellee Buck's Service Station, Inc. (Buck's). In addition, certain temporary construction easements were taken. Prior to trial, DOT filed a motion in limine, seeking to preclude Buck's from introducing certain evidence. The trial court granted DOT's motion in part and denied it in part and certified its order for immediate review. This court granted Buck's application for an interlocutory appeal from the partial grant of DOT's motion in limine. DOT then filed a cross-appeal from the partial denial of its motion in limine.

*Case No. 77285.*

1. We will address the cross-appeal first.

The trial court denied the motion in limine insofar as DOT sought to preclude the introduction of evidence of consequential damages incurred as a result of the taking of the temporary construction easements. DOT cross-appeals from this ruling.

With regard to this issue, *Hillman v. Dept. of Transp.*, 257 Ga. 338 (359 SE2d 637) (1987) is clearly controlling. Here, as there, "[i]f the condemnee . . . can show that the taking of a portion of his property for [nineteen] months for a construction easement caused some special damage to [its] remaining property, other than the general inconvenience, noise, dust and obstruction of the construction process, then Art. I, Sec. III, Par. I requires that the state pay for any diminished value of the remainder. [Cit.]" *Hillman v. Dept. of Transp.*, supra at 340.

Contrary to DOT's contentions, an asserted *insufficiency* in the condemnee's evidence in this regard is not appropriately resolved on a motion in limine. A motion in limine determines the *admissibility* of evidence. A motion for summary judgment or for a directed verdict would be the appropriate means by which to invoke a ruling as to the sufficiency of the condemnee's evidence. The trial court did not err in denying DOT's motion in limine which sought to preclude the condemnee from introducing evidence as to the consequential damages.

*Case No. 77284.*

2. The trial court granted the motion in limine insofar as DOT sought to preclude the introduction of evidence of Buck's business losses. It is from this ruling that Buck's appeals.

With regard to this issue, *Hillman v. Dept. of Transp.*, supra, is

not controlling. On its facts, *Hillman* relates only to the condemnee's entitlement to recover consequential damages. Business losses is not an element of consequential damages, but an entirely separate element of recoverable damages. "The destruction of an established business is and must be a separate item of recovery." *Bowers v. Fulton County*, 221 Ga. 731, 739 (2) (146 SE2d 884) (1966).

If there were no controlling Supreme Court authority regarding the recoverability of business losses, this court would perhaps be authorized to consider the issue of whether the scope of *Hillman* should be extended beyond consequential damages to include business losses. However, such controlling authority exists and must be applied by this Court. In *Housing Auth. of Atlanta v. Southern R. Co.*, 245 Ga. 229, 232 (1B) (264 SE2d 174) (1980), the Supreme Court held the following to be "a correct charge on the law": " '[A] *mere temporary loss of profits* associated with the extinguishment by condemnation of Condemnee's property interest *is not* a proper element for consideration in determining just and adequate compensation.' " (Emphasis supplied.) Under this "correct charge on the law," the Supreme Court found that "a reasonable juror could certainly have understood the [trial] court to mean that *no recovery* should be allowed [the condemnee] merely for *an interruption of its business* while it moved to another location, but that [the condemnee] had to have *irrevocably lost* something of value that could not be duplicated elsewhere. The [condemnor] would have to pay for relocation and for that amount of lost business that [the condemnee] would *never recover*." (Emphasis supplied.) *Housing Auth. of Atlanta v. Southern R. Co.*, supra at 232 (1B).

Accordingly, regardless of the holding in *Hillman* as to the recoverability of "temporary" consequential damages, the holding in *Housing Auth.* is that only "permanent" business losses are recoverable as a separate element of damages. Unless and until the Supreme Court reviews and overrules its holding in *Housing Auth.*, this court and the trial court are bound thereby, and "temporary" business losses are not recoverable by the condemnee. In this case, we have no more authority to fail to follow the holding in *Housing Auth.* than this Court had in *Department of Transp. v. Fitzpatrick*, 184 Ga. App. 249 (2) (361 SE2d 241) (1987).

Nevertheless, the trial court did err in granting DOT's motion in limine as to the issue of business losses. As worded, DOT's motion and the trial court's order would have the effect of precluding the condemnee from offering *any* evidence in support of its recovery of business losses. Here, as in *Gunthorpe v. Daniels*, 150 Ga. App. 113 (257 SE2d 199) (1979), the exclusion of evidence that was sought and that was granted is too broad. Under existing authority, the condemnee *would* be entitled to recover permanent business losses and,

consequently, *would* be entitled to introduce evidence of its entitlement to such a recovery. See *Housing Auth. of Atlanta v. Southern R. Co.*, supra. Accordingly, the trial court's grant of DOT's motion in limine is incorrect for the reason that it erroneously excluded the introduction of relevant evidence as to *permanent* business losses.

*Judgment reversed in Case No. 77284. Judgment affirmed in Case No. 77285. Deen, P. J., McMurray, P. J., Birdsong, Sognier, and Pope, JJ., concur. Banke, P. J., Benham and Beasley, JJ., concur specially.*

BENHAM, Judge, concurring specially.

While I agree with the majority that the trial court erred in granting that portion of DOT's motion in limine directed to evidence of business losses, I disagree with its decision limiting the condemnee to the introduction of relevant evidence of *permanent* business losses, and its narrow interpretation of the Supreme Court's decision in *Hillman v. Dept. of Transp.*, 257 Ga. 338 (359 SE2d 637) (1987). I further believe that its reliance on *Housing Auth. of Atlanta v. Southern R. Co.*, 245 Ga. 229 (264 SE2d 174) (1980), is misplaced, and in light of the Supreme Court's holding in *Hillman*, I question the continued viability of *Housing Auth.* and of this court's decision in *Dept. of Transp. v. Fitzpatrick*, 184 Ga. App. 249 (2) (361 SE2d 241) (1987).

Relying on *Housing Auth.*, the majority states that "only 'permanent' business losses are recoverable as a separate element of damages" (p. 342), thereby distinguishing permanent damage from temporary damage. However, the Georgia Supreme Court has held that "[t]he [Georgia] [C]onstitution does not distinguish between permanent and temporary damage." *Hillman* at 340. While the issue in *Hillman* was whether consequential damages could be awarded in a temporary taking, the rationale of the Supreme Court's decision can and should be applied to the present case, which involves whether business losses can be awarded in a temporary taking. Since the Supreme Court has ruled that the temporary/permanent distinction is unconstitutional, I do not believe we can continue to uphold the distinction.

The majority maintains that we are "bound" by *Housing Auth.* to hold that temporary business losses are not recoverable by a condemnee. Even if I were to agree (and I do not) that *Housing Auth.* stands for the proposition that in *no* case is a condemnee entitled to business losses resulting from a temporary taking, I do not believe that we must blindly follow that case when we have more recent authority, *Hillman*, from which we can extrapolate a logical answer to the issue now before us. Suppose the Supreme Court, in an armed robbery case, were to hold that grand jury proceedings should have been open to the defendant. Are we unable to apply that ruling to a

burglary case, or must we adhere to earlier law and wait for the Supreme Court to apply its ruling to a burglary case, and then a rape case, and then a child molestation case, etc., before we may apply the Supreme Court's ruling? I think not.

I agree that the trial court erred in granting that part of the motion in limine concerning business losses (Case No. 77284). However, I cannot agree with the majority that the condemnee is only entitled to permanent business losses. If the condemnee in the case at bar can meet the evidentiary requirements to recover business losses due to a permanent taking (uniqueness, not remote, not speculative) (*Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980)), then the condemnee should be entitled to recover the damages, despite the fact that its business loss was due to a temporary taking. *Hillman* at 340.

Insofar as it can be read to stand for the proposition that only permanent business losses are recoverable, the Supreme Court's decision in *Housing Auth.* has been effectively overruled by its later decision in *Hillman*. That being so, our decision in *Dept. of Transp. v. Fitzpatrick* must likewise be overruled insofar as it conflicts with *Hillman*.

I am authorized to state that Presiding Judge Banke and Judge Beasley join in this opinion.

DECIDED MARCH 6, 1989 —
REHEARINGS DENIED MARCH 31, 1989 AND APRIL 17, 1989 — 

*Reynolds & McArthur, Charles M. Cork III*, for appellants.
*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General, William C. Harris*, for appellee.