A89A0591. DEPARTMENT OF TRANSPORTATION v. HILLSIDE MOTORS, INC.
(385 SE2d 746)

BIRDSONG, Judge.

Appellant Department of Transportation (DOT) appeals from the judgment of $30,000 entered in favor of appellee Hillside Motors, and from the denial of DOT's motion for judgment notwithstanding the verdict or in the alternative a motion for new trial.

Appellant's motion for judgment n.o.v. was on the sole ground that under the evidence a judgment in favor of appellant was "demanded as a matter of law." Appellant's alternative motion for new trial was based on the general grounds.

This appeal is from the jury award in an inverse condemnation action. A portion of Highway 247 south of Macon and a one-way

frontage road parallel thereto were altered during a road widening project. The frontage road was redesigned to carry two-way traffic, and as a part of the widening of Highway 247, a traffic wall was erected between the highway and the frontage road which abutted appellee's used car business. Also as a part of the construction project, appellant closed certain maintained openings in the divider between the highway and the frontage road. One of these closed openings was almost directly across from appellee's business, which abutted frontage road on the other side. Appellee was leasing the property, and its initial lease expired before the road widening project was completed and the traffic wall built. Appellee moved to a new business location, but also was a party to another subsequent lease of the original premises. Appellee apparently continued to use the premises to store certain of its excess cars.

The jury awarded damages for business losses suffered by appellee from the beginning of construction to the end of the initial lease. It found, however, that the appellee was not required to move as a result of appellant's actions and that the appellee did not lose the value of its lease thereby. *Held*:

1. During oral argument and by implication in its second enumeration of error, appellant's counsel asserted that the award of damages for business losses should be reversed on the precedent of *Dept. of Transp. v. Fitzpatrick*, 184 Ga. App. 249 (361 SE2d 241). Compare *Housing Auth. of Atlanta v. Southern R. Co.*, 245 Ga. App. 229, 232 (1B) (264 SE2d 174) and *Buck's Svc. Sta. v. Dept. of Transp.*, 191 Ga. App. 341 (381 SE2d 516) and *Dept. of Transp. v. Fitzpatrick*, supra with *Hillman v. Dept. of Transp.*, 257 Ga. 338 (359 SE2d 637) and *Hendrix v. Dept. of Transp.*, 188 Ga. App. 429 (373 SE2d 264).

The record reveals that this issue was not adequately raised at trial. On appeal only issues properly raised before the trial court will be considered. See *Long v. Marion*, 257 Ga. 431 (1) (360 SE2d 255); *Massengale v. Ga. Power Co.*, 153 Ga. App. 476 (2) (265 SE2d 830); see also *American Family Life &c. Co. v. Queen*, 171 Ga. App. 870 (10) (321 SE2d 750).

We are compelled, however, to make this observation regarding the dissent's interpretation of *Hillman v. Dept. of Transp.*, supra. Although *Hillman* involved an issue concerning the award of consequential damages in condemnation proceedings, the holding in *Hillman* includes language arguably much broader in scope. In *Hillman*, the Supreme Court expressly opined "[w]e find that the only proper distinction to be made in cases of *temporary takings* is the same requirement in force for permanent takings." *Hillman*, supra at 339. The court then applied this principle to the issue confronting it and concluded that "the consequential damages must be special to the condemnee and not be those suffered by the public in general." *Hill-*

*man*, supra. Later the court stated, "[w]hile the condemnee is not permitted to recover for the inconveniences of the construction process, the constitution requires that damages, including [but not limited to] consequential damages, be paid. *The constitution does not distinguish between permanent and temporary damage.*" (Emphasis supplied.) Id. p. 340. Appellee has shown evidence of business loss, as hereinafter discussed, and under *Hillman* all that appears to be required is that the same requirements be met for recovery in permanent taking cases. The facts, in the case sub judice, show that the damages for business losses were special to the condemnee and were not merely such damages as were suffered by the public in general. To say that a business loss that occurs over a specific period of time (as opposed to permanently) is not compensable not only defies logic but our constitution as well. However, for reasons above articulated, we need not dispose of this enumeration of error at this time.

2. Appellant asserts that the trial court erred in failing to direct a verdict or thereafter to grant judgment n.o.v. on the issue of impairment of access, because the record establishes that there was no change in access from appellee's leasehold directly to the right-of-way.

Initially we note that appellant in its supplemental brief concedes that "the jury has awarded only temporary business losses and has made them a separate element of damages." Further, on appeal, we must construe the evidence most strongly to support the jury verdict and the judgment. *Williams v. Perry*, 187 Ga. App. 586 (1) (370 SE2d 836); *McLarty v. Kushner*, 173 Ga. App. 432 (1) (326 SE2d 777).

The trial record, thus construed, establishes that the traffic wall was erected on July 17, 1986, and that the construction of the wall was accomplished on that day. The jury's verdict awarded appellee $30,000 business losses — the entire amount being attributable to the period of time from the beginning of construction in September 1985 through the end of the lease expiring April 30, 1986. None of the damages was attributable to the time period occurring during the remainder of 1986. Thus, the jury clearly found in favor of DOT that no impairment of access had occurred *after* April 30, 1986. Based on the posture of this record, the only other possible basis on which the jury could have awarded damages *for impairment of access* occurring on or before April 30, 1986, would be on the basis that the conduct of the utility company, during this period, constituted some form of impairment of access. To reach such a determination, however, requires that we speculate as to the jury's conduct and intent. This we have consistently declined to do. *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510); *Thomas v. Clark*, 188 Ga. App. 606, 608 (373 SE2d 668).

The dissent asserts, in part, that it is not possible to determine whether the jury's award did or did not include compensation to appellee for lack of access between September 1985 and April 30, 1986, for certain utility work; and, that because appellant would not be liable for such work done by the utility, the resulting error cannot be deemed harmless. We reiterate that appellant DOT has failed to show how it was prejudiced by the trial court's ruling, or for that matter, that any error has occurred. Such error can be found only by speculating as to the jury's intent, which we refuse to do. Moreover, assuming the verdict was ambiguous and "susceptible of two constructions, one of which would uphold it and one which would defeat it, that which would uphold it is to be applied." *Haughton v. Judsen*, 116 Ga. App. 308, 310 (157 SE2d 297). Assuming arguendo that the jury's award may have included some compensation for damages sustained as a result of relocation of utilities by a utility company, we do not agree that appellant could escape liability for such damage in this particular instance. The evidence shows that the only reason the utility work was undertaken by the utility company is because of the road work initiated by appellant DOT. It is *undisputed* that no such utility work would have been done, had not the *public purpose* work, affecting the property of appellees, been commenced by DOT. In this instance, any alleged damage sustained by the work of the telephone company was directly caused by appellant DOT. DOT planned, programmed, and commenced the highway work which compelled a relocation of certain utilities by the telephone company. Thus, the actions of appellant DOT were both the direct and proximate cause of the damages, if any, which the jury might consider flowing from the conduct of the utility company. DOT cannot escape liability for damages directly and proximately caused by its *public purpose* work. OCGA § 9-11-61.

3. In view of the nature of this cause of action and the competent evidence presented at trial, we are satisfied that the trial court did not err in including appellee's requested instructions 3, 4, 5, 11 and 12 in its charge to the jury. " ' "It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error." ' " *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). Examining the charge in toto, we find no error.

Appellant's collateral assertion that the trial court compounded the above asserted error by failing to charge the jury on appellant's request to charge 17, taken from *State Hwy. Dept. v. Strickland*, 213 Ga. 785, 788 (102 SE2d 3), is not persuasive. First, there was no error. Secondly, though the language used in a particular appellate decision may embody sound law, it is not always appropriate to employ such language in instructing the jury. *Griffin v. State*, 154 Ga. App. 261,

263 (2) (267 SE2d 867). The charge requested was that the "Department of Transportation has the right to use the entire width of the right-of-way for highway purposes when such use is necessary for the public safety." While this charge is correct as an abstract principle of law, it was not tailored to the evidence in this case, and as requested was potentially misleading. Thus, the trial court's refusal to grant the charge as requested was correct. *Dept. of Transp. v. Freeman*, 187 Ga. App. 883, 884 (371 SE2d 887).

4. Appellant asserts that the trial court erred in its instruction to the jury on the criteria for determining whether appellee's property was unique.

Reviewing the charges in their totality, *Hambrick*, supra, we are satisfied that the instructions on "uniqueness" were tailored to the evidence, and as given covered adequately the applicable legal principle involved. As "[o]nly one of the three ['uniqueness'] criteria need be satisfied in order to authorize recovery of business loss damage," *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 545 (309 SE2d 816), any failure to charge on the other criteria would not constitute prejudicial error. OCGA § 9-11-61. Assuming without deciding that the charge was inappropriate, " '[a]n inappropriate charge, unless harmful, is not ground for new trial.' " *Gene Thompson Lumber Co. v. Davis Parmer Lumber*, 189 Ga. App. 573 (5) (377 SE2d 15).

5. Appellant asserts the award of damages for business losses was erroneous because the alleged losses were remote and speculative, and that the trial court erred in failing to give the appellant's request to charge 11. Requested charge 11 pertinently provides that "[i]n order for the operator of a business to recover for a loss of business, it is incumbent upon the business operator to establish . . . that the business has been successfully operated at that location at a profit. . . ."

We find *Dept. of Transp. v. Vest*, 160 Ga. App. 368 (1) (287 SE2d 85) distinguishable from the facts of this case. However, the giving of an identical charge was found not to constitute error in *Brock v. Dept. of Transp.*, 151 Ga. App. 905 (2) (262 SE2d 156). Likewise, this court in *Big-Bin Dispos-All v. City of Valdosta*, 172 Ga. App. 746, 748 (324 SE2d 501) held that "[i]n order to recover for loss of business, an operator of the business must establish that the business was profitable prior to the condemnation." Moreover, a refusal to give a charge is error if the charge is a correct statement of the law and applicable to the issues involved. See *Durand v. Reeves*, 217 Ga. 492, 495 (123 SE2d 552). Thus, the issue for this court to resolve is whether the principle expressed in *Brock* and *Big-Bin*, regarding the necessity for a claimant to establish that his business was profitable, is a correct statement of law.

Art. I, Sec. III, Par. I (a), Ga. Const. of 1983 provides that "Except as otherwise provided in this Paragraph, private property shall

not be taken or *damaged* for public purposes without just and adequate compensation being first paid." (Emphasis supplied.) Business damage clearly is one form of damage which an owner can suffer due to condemnation or inverse condemnation of property. See generally Pursley, Ga. Eminent Domain, Taking or Damaging Property, § 5-11 Business damage — general. And "when the business belongs to a separate lessee, the lessee may recover for business losses as an element of compensation separate from the value of the land whether the destruction of his business is total or merely partial, provided only that the loss is not remote or speculative." *Department of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10); Pursley, supra at p. 95. In *Old South Bottle Shop v. Dept. of Transp.*, 175 Ga. App. 295 (2) (333 SE2d 127), this court held that "lost profits are not the only element to be considered in determining the damages resulting from the total or partial destruction of a business. On the record . . . we cannot say that appellants' witness could not connect his testimony regarding cash flow to the value of the business. Since the basis for excluding the testimony was the trial court's reliance *on an incorrect principle of law* (that business losses are limited to lost profits), we find that the exclusion of the evidence was erroneous." Compare *Bennett v. Smith*, 245 Ga. 725 (267 SE2d 19).

We are satisfied that the rule expressed in *Old South* is correct and more compatible with the plain language of Art. I, Sec. III, Par. I (a), Ga. Const. of 1983, than the profit requirement rules of *Brock* and *Big-Bin*. In its brief appellee observed that if the "lost profit" requirement is invoked in all cases, "marginal businesses [become] helpless victims to huge losses through a fallacy of reasoning." This logic can be illustrated as follows. Suppose a marginal business has been operating at a monthly loss of $2,000, but after the State's inverse condemnation action the company's sales drop and it now is operating at a loss of $10,000 per month, no doubt exists that the owner of the business has suffered loss of business *damage*. The trial judge referred to this principle basically as "a right not to lose any more money." It would be both unconscionable and contrary to the scope of protection provided by the plain language of the above cited constitutional provision to deny recovery merely because the struggling business could show no loss of profits as a condition precedent. We elect not to foster such a result and find that damages for loss of business can be awarded without a showing of loss of profit, provided the loss is not remote or speculative. To the extent that *Brock, Big-Bin* and predecessor or progeny cases are in conflict, they will no longer be followed.

We find that appellant's claim that appellee has failed to introduce adequate evidence upon which the jury could base its award of damages is without merit. Appellee offered certain evidence regarding

the diminishment in his volume of car sales and the cash flow reduction resulting therefrom. Appellant introduced certain of appellee's income tax statements and cross-examined appellee thereon. We are satisfied that the jury's verdict awarding damages for business loss is " 'within the range' " of the relevant evidence before it. See *National Consultants v. Burt*, 186 Ga. App. 27 (4) (366 SE2d 344), writ vacated, 258 Ga. 645 (374 SE2d 532).

Appellant's other enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Pope, Benham and Beasley, JJ., concur. Carley, C. J., and Sognier, J., concur in part and dissent in part.*

CARLEY, Chief Judge, concurring in part and dissenting in part.

I concur fully in Divisions 3, 4 and 5 of the majority opinion. With regard to Division 1 of the majority opinion, which is the subject of the dissent, I agree with the majority's conclusion that "this issue was not adequately raised at trial." (Majority Opinion, p. 638) I cannot, however, agree with the remainder of Division 1 of the majority opinion implying that had the issue been properly preserved and raised on appeal, *Hillman v. Dept. of Transp.*, 257 Ga. 338 (359 SE2d 637) (1987) would be controlling. On the contrary, had the issue been preserved, I would agree with the analysis of the dissent which concludes that there is not sufficient evidence to support an award of business losses in this case.

With particular regard to Division 5, I agree with the majority that *Brock v. Dept. of Transp.*, 151 Ga. App. 905 (2) (262 SE2d 156) (1979) and *Big-Bin Dispos-All v. City of Valdosta*, 172 Ga.. App. 746, 748 (324 SE2d 501) (1984) should be overruled. Although I was the author of *Brock*, the majority's analysis of the concept of business loss is persuasive, and I no longer believe that a demonstration of profitability is a condition precedent to the recovery "for business losses as an element of compensation separate from the value of the land . . . if the property is 'unique.' [Cits.]" *Dept. of Transp. v. Dixie Hwy. Bottle Shop*, 245 Ga. 314, 315 (265 SE2d 10) (1980). See also *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884) (1966); *Bowers v. Fulton County*, 122 Ga. App. 45, 49 (176 SE2d 219) (1970); *Old South Bottle Shop v. Dept. of Transp.*, 175 Ga. App. 295 (333 SE2d 127) (1985).

I must, however, dissent to Division 2 of the majority opinion. The majority finds that, if it was error to fail to direct a verdict on the issue of recoverable impairment of access, the error was harmless because the jury awarded damages only for the period preceding the erection of the traffic wall. This would be the correct resolution *if* the erection of the traffic wall was the *only* basis upon which an award based upon a purported impairment of access could arguably be pre-

mised. It is not. There was evidence that, *prior* to the erection of the traffic wall and *during* the period for which the jury awarded damages, the manner in which certain telephone utility work was performed had made access to appellant's property more difficult. Appellee urged that appellant was liable for the damages resulting from the interference with access occasioned by this utility work. It is not possible to determine whether the jury's award did or did not include compensation to appellee for this utility work under the guise that it constituted an impairment of access for which appellant would be liable. If the jury's award did include compensation on this basis, it would be error. The utility work was accomplished by the telephone company, not by appellant. Because the jury's award may have erroneously included compensation for a purported impairment of access for which appellant would not be liable, I cannot agree that the trial court's failure to grant a directed verdict in favor of appellant on the impairment of access issue was harmless.

I am authorized to state that Judge Sognier joins in this opinion.

SOGNIER, Judge, dissenting.

I respectfully dissent from the majority's holding in Division 1, wherein the majority acknowledges the issue of whether the award to appellee for temporary business losses was proper (conceding that appellant raises it "by implication" in its second enumeration of error) but disposes of the question by concluding that the issue was not adequately raised at trial. In my view, appellant adequately raised this issue below and we must proceed to address it.

My review of the record indicates that in its motion for new trial, appellant raised the general grounds. Because absolutely no evidence was adduced at trial to show any *permanent* business loss and the law in this state allows damages to be awarded *only* for permanent business losses, it follows that the evidence was insufficient to support a verdict awarding business loss damages. Consequently, relying on the holding in *Dept. of Transp. v. Fitzpatrick*, 184 Ga. App. 249, 250 (361 SE2d 241) (1987) that a motion for new trial on the general grounds was sufficient to warrant review, and indeed reversal, of this issue, it was properly raised below here and I would not avoid addressing this important and timely question.

Turning to the merits of the issue, appellee in this case sought damages for three intrusions on its property by appellant, each of which it claimed constituted a "taking": construction of the frontage road wall; disruption caused by utility trenches on the frontage road and driveway; and dust and debris from the construction which fell on the merchandise (and customers) in appellee's car lot. The first two of these embrace a theory of taking by denying access, discussed in Division 2 of the majority opinion, and I disagree with the major-

ity's conclusion that they were compensable. In my view, if any compensable loss occurred, therefore, it must have been attributable to the third intrusion — the dust and debris "fallout" over appellee's merchandise.

It is perfectly clear, however, from the evidence presented at trial, as well as from the jury's answer to a special verdict interrogatory that the award of damages for business losses was for the time period "from the beginning of the construction in September, 1985 through the end of [appellee's] lease expiring April 30, 1986," that these were temporary losses — not due to any alleged condemnation, but merely temporary inconveniences due to the construction in progress. " 'Damages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty. (Cits.)' [Cit.]" *Fitzpatrick*, supra at 250 (2). See also *Housing Auth., Atlanta v. Southern R. Co.*, 245 Ga. 229, 232 (1B) (264 SE2d 174) (1980).

Nor does *Hillman v. Dept. of Transp.*, 257 Ga. 338 (359 SE2d 637) (1987) require a different result, as argued by appellee. Notwithstanding appellee's assertion in its brief that had the author of *Fitzpatrick* known about the Supreme Court's decision in *Hillman* the result in *Fitzpatrick* would have been different, that argument was addressed squarely and decided adversely to appellee in this court's recent decision in *Buck's Svc. Station v. Dept. of Transp.*, 191 Ga. App. 341 (381 SE2d 516) (1989). In an opinion authored, interestingly, by the author of *Fitzpatrick*, this court held that *Hillman* was *not* controlling on the issue of business losses, because *Hillman* relates only to consequential damages, of which business losses is not an element. Rather, "regardless of the holding in *Hillman* as to the recoverability of 'temporary' consequential damages, the holding in *Housing Auth [of the City of Atlanta v. Southern R. Co.*, 245 Ga. 229, 232 (1B) (264 SE2d 174) (1980)] is that only 'permanent' business losses are recoverable as a separate element of damages. Unless and until the Supreme Court reviews and overrules its holding in *Housing Auth.*, this court and the trial court are bound thereby, and 'temporary' business losses are not recoverable by the condemnee. In this case, we have no more authority to fail to follow the holding in *Housing Auth.* than this Court had in . . . *Fitzpatrick*." Id. at 342. The Supreme Court has granted certiorari in *Buck's*, and perhaps what is merely contemplated in that opinion — reversal of *Housing Auth.*, supra — will take place. However, as the law in this state now stands, this case presents a situation no different from that presented in *Buck's*, and accordingly, I would reverse the award of temporary business losses.

Although I disagree with the conclusion reached by the majority

in Division 5 of its opinion, I would not reach that issue or the necessity of overruling *Brock v. Dept. of Transp.*, 151 Ga. App. 905 (2) (262 SE2d 156) (1979) or *Big-Bin Dispos-All v. City of Valdosta*, 172 Ga. App. 746 (324 SE2d 501) (1984).

DECIDED JULY 31, 1989 —
REHEARING DENIED AUGUST 17, 1989 —

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Marion O. Gordon, First Assistant Attorney General, Harrison Kohler, Deputy Attorney General, Roland F. Matson, Senior Assistant Attorney General, Beverly B. Martin, Assistant Attorney General*, for appellant.

*Reynolds & McArthur, Charles M. Cork III*, for appellee.