**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 15, 2017**

# In the Court of Appeals of Georgia

A17A1292. DEKALB COUNTY v. SPEIR et al.

ANDREWS, Judge.

In May 2013, Dekalb County condemned 0.069 acres of land located at the intersection of LaVista Road and Oak Grove Road for road and sidewalk improvements. Following a trial to establish just and adequate compensation, the jury awarded $313,000 to Jack Speir, the property owner, and $671,000 to Oe Gon Kim and J. K. Cleaners, Inc. (collectively "J. K. Cleaners"), owner/operators of the dry cleaning business that leased the property. The trial court entered judgment on the verdict, and the County appeals. For reasons that follow, we affirm.

The evidence shows that prior to the road work associated with the condemnation, J. K. Cleaners' business sat on a "prominent corner" with three driveways that allowed cars to enter and exit the site easily from Lavista Road or Oak

Grove Road. The road improvements, however, closed two of the three driveways and reduced the overall property size, significantly impacting access to the business and restricting the available parking area. According to the County's appraiser, the alterations rendered the property's use as a dry cleaning business "precarious" and not viable.

The parties offered conflicting expert testimony regarding the amount of just compensation owed following the taking. With respect to J. K. Cleaners, the County's expert testified that the business had experienced a loss in value of $101,000. J. K. Cleaners' business appraiser, however, valued the loss much higher, asserting that the business was worth $440,000 before the taking and had no value after, given the extreme alterations to the site. He further testified that J. K. Cleaners was obligated to continue making payments under its lease on the property through 2017, resulting in further losses of $400,984. Adding these two loss values together, the expert calculated just and adequate compensation for J. K. Cleaners as $841,000.

Prior to trial, the County moved in limine to exclude evidence regarding J. K. Cleaners' post-taking lease obligations. The trial court denied the motion and admitted the evidence. In its sole enumeration of error on appeal, the County challenges this evidentiary ruling.

We find no error. A lessee that operates a business on condemned property may recover post-taking business losses as an element of just and adequate compensation "if the property is 'unique' and the loss is not remote or speculative." *DOT v. Acree Oil Co.*, 266 Ga. 336-337 (1) (467 SE2d 319) (1996). Business loss evidence, therefore, "is admissible in a condemnation action where such losses are sought as a separate element of damages as to unique or peculiar property as well as when such evidence shows a diminution of value of the land not taken." *DOT v. Arnold*, 243 Ga. App. 15, 18 (1) (530 SE2d 767) (2000) (citations and punctuation omitted).

J. K. Cleaners offered testimony that the condemned property, with its particular location and multiple access points, was unique, raising a jury question on uniqueness. See *Toler v. DOT*, 328 Ga. App. 144, 146 (1) (761 SE2d 550) (2014) ("The issue of whether a business property is 'unique' so as to support an award of business loss is a question for the jury."). The presentation of business loss evidence, therefore, was appropriate. See *Arnold*, supra. The County argues, however, that such evidence should have been limited to the market value of the business before the taking and immediately after, and should not have included any discussion of future, post-taking lease liability.

We disagree. Generally, "[t]he correct measure of damages that a lessee condemnee can recover for damage to his business is the difference in market value of the business prior to and after the taking." *Action Sound v. DOT*, 265 Ga. App. 616, 619 (2) (594 SE2d 773) (2004). As we have explained, however, "[e]vidence of *any* business losses which result in a diminution of the value of a condemnee's business is admissible." Id. (punctuation and footnote omitted; emphasis in original). J. K. Cleaners' appraiser testified that the taking not only depleted all value from the dry-cleaning business, but also saddled the company with a worthless lease obligation that it was contractually obligated to pay for several more years. Based on this testimony, counsel argued to the jury that the circumstances created a *negative* market value for which the company should be compensated:

> I think of this argument as a less than zero argument. [The County] made the value of the business less than zero. [The County] made it where not only would someone not pay you for it, it's a liability. . . . After the taking you've got less than zero, because you've got $400,000 in rent liability, so it's less than zero.

J. K. Cleaners connected the future rent payments to the market value of its business just after the taking, bringing this evidence within the ambit of business loss. See *Old South Bottle Shop v. DOT*, 175 Ga. App. 295, 296 (2) (333 SE2d 127) (1985)

4

(trial court erred in excluding business loss testimony regarding cash flow where testimony related to the value of the business). Although the County argues that the evidence was speculative, J. K. Cleaners' appraiser based his testimony on contractual obligations existing at the time of the taking, and factual questions remained for the jury as to whether the dry cleaner made reasonable efforts to mitigate or minimize these obligations. See *Davis Co. v. DOT*, 262 Ga. App. 138, 143 (3) (584 SE2d 705) (2003) (extent to which condemnee mitigated his business losses was question for the jury). Moreover, we find no merit in the County's claim that introduction of the post-taking lease liability resulted in a double recovery here. It is true that J. K. Cleaners' appraiser considered the company's business expenses – including its lease payment – when placing a pre-taking value on the business. Nothing indicates, however, that the appraiser factored the company's *future* lease requirement into the pre-taking valuation. We fail to see, therefore, how consideration of the post-taking obligations created a double recovery.

There is a "long-established policy of the Georgia appellate courts to be liberal in allowing matters to be considered by the jury which might affect their collective minds in determining the just and adequate compensation to be paid the condemnee." *Evans v. DOT*, 331 Ga. App. 313, 317 (1) (771 SE2d 20) (2015). And ultimately, "[i]t

5

is within the sound discretion of the trial court to admit or deny admission of such evidence [regarding business loss] when causation of such loss is in question." *Arnold*, supra at 18. Given the particular circumstances of this case, the trial court properly exercised its discretion in admitting evidence of J. K. Cleaners' post-taking lease obligation. See *Evans*, supra at 315 (1) ("The grant or denial of a motion in limine is reviewed only for an abuse of discretion."). Accordingly, we affirm.

*Judgment affirmed. Ellington, P. J., and Rickman, J., concur*.